IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
BABY BEAN PRODUCTIONS LLC,

                Plaintiff,

    v.                                    Civil Action No. 07 CV 3616 (MGC)

DC SHOES INC.,

                Defendant.
------------------------------------------------------------x


## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE SECOND COUNT OF THE FIRST AMENDED COMPLAINT

Adam M. Cohen (AMC-9918)
Gillian Overland (GO-7300)
KANE KESSLER, P.C.
1350 Avenue of the Americas
New York, New York 10019
(212) 541-6222

Attorneys for Defendant
DC Shoes Inc.

# **TABLE OF CONTENTS**

page

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................ 1

SUMMARY OF PLAINTIFF'S ALLEGATIONS IN FIRST
AMENDED COMPLAINT ................................................................................................... 3

ARGUMENT ......................................................................................................................... 4

I.  APPROPRIATE STANDARD ON A MOTION TO DISMISS
    PURSUANT TO FED. R. CIV. P. 12(B)(6) ............................................................... 4

II. THE SECOND COUNT FOR DECEPTIVE TRADE PRACTICES
    SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON
    WHICH RELIEF MAY BE GRANTED .................................................................... 5

    A.  Section 349 Does Not Apply to Trademark Infringement Cases Where A
        Broad Public Interest is Not Implicated ........................................................... 5

    B.  The First Amended Complaint Does Not Allege Broad Consumer Injury or
        Harm to the Public Interest ............................................................................... 8

    C.  Leave to Replead Should Be Denied as Futile ................................................. 9

    D.  The Existence of the Section 349 Claim Improperly
        Increases the Scope of the Case ..................................................................... 11

CONCLUSION ................................................................................................................... 12

**TABLE OF AUTHORITIES**

*Page*

**CASES**

Alex Brown & Sons Inc. v. Marine Midland Bank, Inc.
No. 96 Civ. 2549, 1997 WL 97837 (S.D.N.Y. March 6, 1997) ...................................................... 2

Alfred Ricciuti v. New York City Transit Authority
No. 90 Civ. 2823, 1991 WL 221110 (S.D.N.Y. October 3, 1991) .................................................. 2

Bell Atlantic Corp. v. Twombly
127 S. Ct. 1955, 75 U.S.L.W. 4337 (2007) .................................................................................... 4

Bey v. Welsbach Elect. Co.
No. 01 Civ. 2667, 2001 WL 863419 (S.D.N.Y. 2001) (LAP) ........................................................ 4

Boule v. Hutton
320 F. Supp. 2d 132 (S.D.N.Y. 2004) ............................................................................................ 5

Bristol-Myers Squibb Company v. McNeil-P.P.C., Inc.
786 F. Supp. 182, (E.D.N.Y. 1992) ................................................................................................ 6

Chevy's International, Inc. v. Sal De Enterprises, Inc.
697 F. Supp. 110 (E.D.N.Y. 1988) ................................................................................................. 7

Christ Gatzonis Electric Contractor, Inc. v. New York City School Const. Authority
23 F.3d 636 (2d Cir. 1994) ............................................................................................................. 4

Donini International, S.P.A. v. Satec (USA) LLC
No. 03 Civ. 9471, 2006 WL. 695546 (S.D.N.Y. March 16, 2006) ............................................ 5, 9

EFS Marketing, Inc. v. Russ Berrie & Company
76 F.3d 487 (2nd Cir. 1996) ........................................................................................................ 6, 7

Empress Cubana Del Tabaco v. Culbro Corp.
2004 WL 602295 ............................................................................................................................ 7

Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.
No. 91 Civ. 4544, 1992 WL 170559 (S.D.N.Y. July 2, 1992) ....................................................... 9

Fitzgerald v. First East Seventh Street Tenants Corp.
No. 99 Civ. 6051, 1999 WL 675996 (S.D.N.Y.1999) .................................................................. 10

Foman v. Davis
371 U.S. 178 (1962) ..................................................................................................................... 10

Gebhardt v. Allspect, Inc.
96 F. Supp. 2d 331 (S.D.N.Y. 2000) ................................................................................4

Gucci America v. Duty Free Apparel, Ltd.
277 F. Supp. 2d 269 (S.D.N.Y. 2003) ........................................................................5, 7, 9

La Cibeles, Inc. v. Adipar, Ltd.
No. 99 Civ. 4129, 2000 WL 1253240 (S.D.N.Y. Sep. 1, 2000)........................................9

Law Offices of Curtis v. Trinko, L.L.P., v. Bell Atlantic Corp.
309 F.3d 71 (2d Cir. 2002) ...............................................................................................4

Leeds v. Meltz
85 F.3d 51 (2d Cir.1996) ..................................................................................................4

Levitch v. Columbia Broadcasting System, Inc.
94 F.R.D. 292 (S.D.N.Y.1982)........................................................................................10

Nealy v. U.S. Healthcare HMO
844 F. Supp. 966 (S.D.N.Y. 1994) ....................................................................................4

P. Kaufman v. Americraft Fabrics, Inc.
232 F. Supp. 2d 220 (S.D.N.Y. 2002) ...............................................................................5

Sports Traveler, Inc. v. Advance Magazine Publishers, Inc.
No. 96 Civ. 5150, 1997 WL. 137443 (S.D.N.Y. March 24, 1997) .........................8, 9, 10

Starbucks v. Wolfe's Borough Coffee
No. 01 Civ. 5981, 2004 WL. 2158120 ..............................................................................7

Winner International v. Kryptonite Corporation
No. 95 Civ. 247, 1996 WL 84476 (S.D.N.Y. 1996).........................................................9

## STATUTES

15 U.S.C. §1117(a).............................................................................................................11

15 U.S.C. §1125(a)...............................................................................................................3

Fed. R. Civ. P. 12(a)(4) ........................................................................................................2

Fed. R. Civ. P. 12(b)(6) .......................................................................................1, 2, 4, 8, 9

N.Y. Gen. Bus. Law. § 349 ..........................................................................................passim

## TREATISES

5C. Wright & A. Miller, Federal Practice and Procedure §1216, pp 235-236 (3d ed. 2004) ...................................................................................................... 4

R. Givens, Practice Commentaries on N.Y. Gen. Bus. Law §349 at p 569 [McKinney 1988] ............................................................................................. 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BABY BEAN PRODUCTIONS LLC,                :
                                          :
                    Plaintiff,            :
                                          :
            v.                            :  07-CV-3616 (MGC)
                                          :
DC SHOES INC.,                            :
                                          :
                    Defendant.            :
------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS THE SECOND COUNT OF
THE FIRST AMENDED COMPLAINT**

Defendant DC Shoes Inc. ("DC") submits this memorandum of law in support of its motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Second Count of the First Amended Complaint dated May 9, 2007 ("Am. Cplt.," attached hereto as Exhibit "1").

**PRELIMINARY STATEMENT**

Plaintiff complains in this suit that DC has infringed plaintiff's unregistered trademark rights in "King of New York". The "King of New York" phrase allegedly identifies plaintiff's "extreme sport" bicycle competitions conducted in New York City. Although DC does not believe that plaintiff has any trademark rights to assert and strongly contests that any trademark infringement has occurred, those issues will be the subject of discovery and further proceedings in this case. The current motion to dismiss is addressed solely to plaintiff's

#269435.1

unsupportable second cause of action for "deceptive trade practices" pursuant to Section 349 of the New York General Business Law.[1]

Section 349 of the New York GBL is a consumer protection statute that prohibits deceptive trade practices only where there is a broad public interest at issue. Section 349 does not govern alleged instances of trademark infringement asserted by and against private parties where there is no broad public interest implicated and where, for instance, the Federal Trade Commission would not get involved. Courts in this Circuit do not hesitate to dismiss Section 349 claims on motions to dismiss and otherwise which do not allege or implicate broad consumer injury or broad public interest. Since plaintiff does not and cannot allege that the dispute at issue here raises matters of broad public interest or even remotely implicates broad consumer injury, plaintiff's Second Count should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

As we demonstrate below, the scope of Section 349 and the remedies available under Section 349 differ significantly from claims under Section 43(a) of the Lanham Act. Accordingly, dismissing the Section 349 claim at this juncture will allow the parties to focus on the real issues in this case and will save the parties unnecessary time and expense litigating issues that should never have been raised.

---

[1] The First Amended Complaint contains two causes of action. DC is not moving to dismiss the First Count for "trademark infringement". DC has not yet submitted an answer to the First Count because an answer is premature at this time on account of the filing of the partial motion to dismiss. See Fed. R. Civ. P. 12(a)(4). See also Alfred Ricciuti v. New York City Transit Authority, No. 90 Civ. 2823, 1991 WL 221110 (S.D.N.Y. October 3, 1991) (Haight, J.) (partial motion to dismiss complaint stays the time required for defendant to respond to remaining claims); Alex Brown & Sons Inc. v. Marine Midland Bank, Inc., No. 96 Civ. 2549, 1997 WL 97837 (S.D.N.Y. March 6, 1997) (Sweet, J.) (same).

#269435.1                                2

## SUMMARY OF PLAINTIFF'S ALLEGATIONS IN FIRST AMENDED COMPLAINT

Plaintiff alleges that it "organizes, promotes and runs 'extreme sports' style bicycle events and competitions". (Am. Cplt. ¶9) Plaintiff further alleges that it and its predecessors in interest have conducted annual events in New York City under the brand name "King of New York". (Am. Cplt. ¶10) Plaintiff further alleges that in September 2006 defendant DC Shoes conducted its own event called "King of New York" and that such conduct infringed plaintiff's rights to its unregistered brand name pursuant to Section 43(a) of the Lanham Act. (Am. Cplt. ¶¶12, 18) Plaintiff asserts two causes of action in its Amended Complaint; the First Count pursuant to Section 43(a) of the United States Lanham Act, 15 U.S.C. §1125(a) for "trademark infringement"[2] and the Second Count pursuant to Section 349 of Article 22A of the New York General Business Law for "deceptive trade practices".

As noted above, this case involves alleged trademarks and the respective bicycle and skateboarding competitions of the parties. Read in a light most favorable to plaintiff, the First Amended Complaint alleges only injury to the plaintiff. Nowhere in the Amended Complaint are there any allegations that DC's actions cause broad consumer injury or implicate a broad public interest. In fact, the words "consumer injury" or "public interest" appear nowhere in the First Amended Complaint.

---

[2] Although plaintiff titles its Lanham Act claim "trademark infringement", the claim is really a false designation of origin claim. Plaintiff does not have a Lanham Act trademark infringement claim - - which claim must be brought under Section 32 of the Lanham Act- - because plaintiff does not own a federal trademark registration.

#269435.1                                    3

## ARGUMENT

### I.

### APPROPRIATE STANDARD ON A MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 75 U.S.L.W. 4337 (2007); Christ Gatzonis Elec. Contractor, Inc. v. New York City School Const. Authority, 23 F.3d 636 (2d Cir. 1994); Bey v. Welsbach Elect. Co., No. 01 Civ. 2667, 2001 WL 863419 (S.D.N.Y., 2001) (LAP); *aff'd*, 68 Fed. Appx. 690, 2002 WL 1467736 (2d Cir. 2002). Although in deciding a motion to dismiss the Court must accept as true the factual allegations of a well-pleaded complaint (see e.g. Nealy v. U.S. Healthcare HMO, 844 F.Supp. 966 (S.D.N.Y. 1994)), to avoid dismissal the nonmoving party must allege facts upon which a claim may be sustained and do more than plead "conclusory allegations or legal conclusions masquerading as factual conclusions." Gebhardt v. Allspect, Inc., 96 F. Supp. 2d 331, 333 (S.D.N.Y. 2000). "Bald assertions and conclusions of law will not suffice." Law Offices of Curtis v. Trinko, L.L.P., v. Bell Atl. Corp., 309 F.3d 71, 74 (2d Cir. 2002), quoting, Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir.1996); see also 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("[t]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

## II.

## THE SECOND COUNT FOR DECEPTIVE TRADE PRACTICES SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

### A. Section 349 Does Not Apply to Trademark Infringement Cases Where A Broad Public Interest is Not Implicated

Plaintiff's Second Count is for "deceptive trade practices" under Section 349 of Article 22-A of the New York General Business Law. The elements of a claim for deceptive trade practices under Section 349 of the New York General Business Law are that (1) the act or practice was consumer oriented, (2) the alleged practice was misleading in a material respect and (3) the claimant was injured. Gucci America v. Duty Free Apparel, Ltd., 277 F.Supp.2d 269, 273 (S.D.N.Y. 2003); Donini International, S.P.A. v. Satec (USA) LLC, No. 03 Civ. 9471, 2006 WL 695546 (S.D.N.Y. March 16, 2006) (Haight, J.). The requirement that the act or practice be "consumer oriented" has been uniformly interpreted to require that the complaint must allege and prove broad consumer injury or harm to the public interest, namely "potential danger to the public health or safety." Boule v. Hutton, 320 F.Supp.2d 132, 137 (S.D.N.Y. 2004) (Cedarbaum, J.) (court dismissed Section 349 claims finding plaintiffs had not "shown harm to the public interest in New York"); P. Kaufman v. Americraft Fabrics, Inc., 232 F. Supp.2d 220, 226 (S.D.N.Y. 2002) (this standard requires that "the acts or practices 'have a broader impact on consumers at large'") (citations omitted); Starbucks Corp. v. Wolfe's Borough Coffee, No. 01 Civ. 5981, 2004 WL 2158120 at 9 (S.D.N.Y. Sep. 28, 2004) (Swain, J.) ("[m]ost trademark and trade dress infringement claims are deemed to fall outside the ambit of Section 349 and 350 . . . [a] successful claim under either statute requires proof of 'consumer injury or harm to the public interest'" (citations omitted); Empress Cubana Del Tabaco v. Culbro Corp., No. 97 Civ. 8399,

2004 WL 602295 at 57 (S.D.N.Y. March 26, 2004) (Sweet, J.) ("[t]he gravamen of the complaint under [§349] must be consumer injury or harm to the public interest").

In order to determine whether there is broad consumer injury or harm to the public interest sufficient to sustain a Section 349 claim, a court should consider whether the claim is the type in which the Federal Trade Commission would be expected to intervene. In Bristol-Myers Squibb Company v. McNeil-P.P.C., Inc., the Court found:

> "'more of the almost equal number of federal cases in which GBL §§ 349 or 350 have been invoked, however concerned trademark or 'trade dress' infringement claims or commercial disputes involving individually negotiated contracts. These kinds of cases fall outside the original intent of §§ 349 and 350. . .
>
> To avoid sweeping all such cases into the ambit of GBL §§ 349 and 350, the federal courts have determined that the provisions require the sort of offense to the public interest which would trigger FTC intervention under 15 U.S.C.A. § 45. . .'
>
> The Court finds that the present circumstances would not trigger FTC intervention under 15 U.S.C.A. § 45. In addition, the Court finds that this case is not within the ambit of 'harm to the public interest' contemplated by the statute.'"

Bristol-Myers Squibb Company v. McNeil-P.P.C., Inc., 786 F.Supp. 182, 216 (E.D.N.Y. 1992) (emphasis added), *appealed on other grounds and aff'd in part, vacated in part by* Bristol Myers Squibb Co. v. McNeill – P.P.C., Inc., 973 F.2d 1033, 61 USLW 2160, 24 U.S.P.Q.2d 1161 (2d Cir. 1992), quoting R. Givens, Practice Commentaries on N.Y.Gen. Bus. Law §349 at p. 569 [McKinney 1988]. See also EFS Marketing v. Russ Berrie & Company, 836 F.Supp. 128, 136 (S.D.N.Y. 1993), *appealed on other grounds, aff'd in part, vacated in part, reversed in part by* EFS Marketing, Inc. v. Russ Berrie & Company, 76 F.3d 487 (2d Cir. 1996) (court dismissed Section 349 claim finding "[f]ederal courts have generally only applied Section 349 to Lanham Act cases that involve the sort of offenses to the public interest that would trigger the

intervention of the Federal Trade Commission, such as an ingestible product that contains illegal substances"); Starbucks v. Wolfe's Borough Coffee, supra, 2004 WL 2158120 (Court dismissed Section 349 claim finding "[t]he conduct 'must be the sort of offense to the public interest which would trigger FTC intervention under 15 USC §45 and mere evidence of consumer confusion is insufficient") (citations omitted).

Courts in this Circuit have consistently held that allegations of trademark or trade dress infringement under the Lanham Act between commercial parties where no consumer injury is implicated do not constitute the types of offenses to the public interest that Section 349 was intended to prohibit. For instance, in Maharishi Hardy Blechman v. Abercrombie & Fitch, the Court found:

> "The Court dismisses Maharishi's deceptive trade practices claim under N.Y. Bus. Law § 349 because there is no allegation, let alone evidence, of public harm. 'Claims that arise out of a trademark infringement action, and disputes between competitors where the core of the claim is harm to another business as opposed to consumers, both constitute situations which courts have found to reflect a public harm that is too insubstantial' for purposes of a claim under §349."

292 F. Supp. 2d 535, 552 (S.D.N.Y. 2003), quoting Gucci America, Inc. v. Duty Free Apparel, Ltd., supra, 277 F.Supp.2d at 273. See also Empress Cubana Del Tabaco v. Culbro Corp., supra, 2004 WL 602295 at 57 ("[t]he Courts of this Circuit have held that trademark infringement actions alleging only general consumer confusion do not threaten the direct harm to consumers required to state a claim under Section 349"); EFS Marketing, Inc. v. Russ Berrie & Company, supra, 836 F.Supp. at 136 (court held that GBL Section 349 was not designed to redress claims such as trade dress infringement), *aff'd in part, vacated in part on other grounds*, 76 F.3d 487 (2d Cir. 1996); Chevy's International, Inc. v. Sal De Enterprises, Inc., 697 F.Supp. 110, 112 (E.D.N.Y. 1988) ("[t]hough trademark infringement necessarily involves a degree of consumer

deception, the current understanding of Section 349 is that it does not apply in trademark cases unless there is 'conduct within core areas of traditionally recognized consumer deception'"); Sports Traveler, Inc. v. Advance Magazine Publishers, Inc., No. 96 Civ. 5150, 1997 WL 137443 (S.D.N.Y. March 24, 1997) (Keenan, J.) (on Rule 12(b)(6) motion, court dismissed Section 349 claim in a trademark case).

      B.      The First Amended Complaint Does Not Allege Broad Consumer Injury or Harm to the Public Interest

The facts alleged in the First Amended Complaint are precisely the types of circumstances to which Section 349 does not apply. Plaintiff alleges a private trademark dispute between commercial parties involving the operations of bicycle and skateboarding competitions with no allegations of broad consumer injury or harm to the public interest whatsoever. The gravamen of the First Amended Complaint is the contention that DC Shoes infringed plaintiff's purported trademark rights in "King of New York". Read in a light most favorable to plaintiff, the First Amended Complaint alleges no more than injury to plaintiff's business. (See e.g. Am. Cplt. ¶19 "Defendant's infringing conduct has caused and is causing substantial and irreparable injury and damage *to Plaintiff* . . ."; Am. Cplt. ¶20 "*Plaintiff* has been and continues to be irreparably harmed by Defendant's past and ongoing deceptive trade practices") (emphasis added) Plaintiff does not allege any consumer injury or any offense to the public interest that would trigger FTC intervention. In fact, nowhere in the First Amended Complaint does the words "consumer" or "public harm" or any words of similar import appear. Plaintiff has failed to allege the type of broad consumer interest that is a *sine qua non* of a Section 349 violation. The Second Count should therefore be dismissed.

Courts have not hesitated to dismiss Section 349 claims on motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) where the complaint did not and could not allege the

requisite consumer injury or harm to the public interest. The case of Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc., No. 91 Civ. 4544, 1992 WL 170559 (S.D.N.Y. July 2, 1992) (Cedarbaum, J.) is instructive. In that case, plaintiff, an apparel retailer, alleged claims under Section 43(a) of the Lanham Act, Section 349 of the New York GBL and other state law claims against competitor retail companies. On defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court sustained the Lanham Act claims but dismissed the Section 349 claim, finding that "the gravamen of [plaintiff's] claim is harm to a store, not harm to its customers, nor harm to the public at large . . . [e]ven if section 349 provides a right of action to competitors as well as consumers, the gravamen of the claim must be consumer fraud." See also Donini International, S.P.A. v. Satec (USA) LLC, supra, 2006 WL 695546 (in a Lanham Act dispute, court dismissed Section 349 claim on motion to dismiss for failure to allege sufficient public harm); Gucci America, Inc., supra, 277 F.Supp.2d at 272-75 (court dismissed Section 349 counterclaim for failure to allege sufficient broad consumer harm); Sports Traveler, Inc. v. Advance Magazine Publishers, Inc., supra, 1997 WL 137443 (court dismissed Section 349 claim on motion to dismiss in a Lanham Act dispute for failure to show requisite public harm); Winner International v. Kryptonite Corporation, No. 95 Civ. 247, 1996 WL 84476 (S.D.N.Y. Feb. 27, 1996) (Wood, J.) (same); La Cibeles, Inc. v. Adipar, Ltd., No. 99 Civ. 4129, 2000 WL 1253240 (S.D.N.Y. Sep. 1, 2000) (Schwartz, J.) (same). The same result should occur here.

    C.    <u>Leave to Replead Should Be Denied as Futile</u>

Moreover, plaintiff *cannot* allege the requisite type of broad consumer injury or public harm necessary to sustain a Section 349 claim because no such broad consumer injury or public harm is implicated. The essence of plaintiff's claims is a trademark dispute between

private parties arising from the operation of bicycle and skateboarding competitions. No public interest is implicated beyond the narrow interests of the parties in suit.

Although Fed.R.Civ.P. 15(a) states that leave to replead shall be freely given when justice so requires, the "liberal rules of pleading in the federal system are not without limits." Levitch v. Columbia Broadcasting Sys., Inc., 94 F.R.D. 292, 295 (S.D.N.Y.1982), *aff'd*, 697 F.2d 495 (2d Cir.1983). Courts will not permit a plaintiff to replead when an amendment to the complaint would be futile. Sports Traveler, Inc., supra, 1997 WL 137443 at 4 (court dismissed Section 349 claim and denied leave to replead finding ""[t]he mere addition to the complaint of what Plaintiff terms 'magic words' cannot serve to place this trademark infringement suit within the ambit of Section 349"); Fitzgerald v. First East Seventh Street Tenants Corp., No. 99 Civ. 6051, 1999 WL 675996 (S.D.N.Y.1999) (JFK), *aff'd*, 221 F.3d 362 (2d Cir. 2000) (court denied request to replead as futile where Plaintiff would be merely reasserting claims which were already dismissed as frivolous). The decision whether to grant leave to amend is within the discretion of the Court, and the court may deny leave for reasons such as "undue delay, bad faith.... [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962), *vacated on remand on other grounds*, 316 F.2d 254 (1st Cir. 1963).

Here, since plaintiff cannot allege facts showing that there is a broad public interest at issue, amending again the First Amended Complaint would be futile and leave to replead should not be granted. See Sports Traveler, Inc., supra, 1997 WL 137443 at 4.

D.  **The Existence of the Section 349 Claim Improperly
    Increases the Scope of the Case**

There are several reasons why the presence of a Section 349 claim in this case could materially change the case landscape because such claims differ significantly from Lanham Act claims. Among those reasons are:

- Under Section 349, a prevailing party may be entitled to recovery of reasonable attorney's fees. (NYGBL §349(h)) In a claim under Section 43(a) of the Lanham Act, attorney's fees are only available in "exceptional cases". See 15 U.S.C. § 1117(a).

- Under Section 349, there is no requirement that a plaintiff own a cognizable trademark in which he may claim rights that are protectible under the Lanham Act. Under the Lanham Act, of course, a plaintiff asserting an unregistered trademark (like here) must demonstrate that he possesses trademark rights capable of being protected under the Lanham Act. In this case, plaintiff cannot meet this burden.

- Under Section 349, there is no requirement of likelihood of confusion among an appreciable number of reasonably prudent purchasers as to source, sponsorship or affiliation. Under the Lanham Act, of course, this standard is the touchstone of a claim for false designation of origin under Section 43(a).

Accordingly, dismissal of the Section 349 claim is appropriate here so as to allow the parties to focus on the real issues in this case and avoid having the parties litigate claims that should never have been brought.

## CONCLUSION

For the foregoing reasons, the Second Count asserted in the First Amended Complaint should be dismissed with no leave to replead.

Dated:  New York, New York
       June 7, 2007

                                  KANE KESSLER, P.C.

                            By: _____
                                Adam M. Cohen (AMC-9918)
                                Gillian Overland (GO-7300)
                          Attorneys for Defendant DC Shoes Inc.
                        1350 Avenue of the Americas
                        New York, New York 10019
                        (212) 541-6222

## AFFIDAVIT OF SERVICE BY FEDERAL EXPRESS

STATE OF NEW YORK    )
                     ) SS.:
COUNTY OF NEW YORK   )

      I, **NELLYA DYM**, being duly sworn, say: I am not a party to the within action, am over 18 years of age, and reside in Brooklyn, New York.

      On June 7, 2007, I served the within:

1. **NOTICE OF MOTION;**

2. **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE SECOND COUNT OF THE FIRST AMENDED COMPLAINT, with EXHIBITS;** and

3. **RULE 7.1 DISCLOSURE STATEMENT.**

by sending a true copy hereof by *Federal Express* under the exclusive care and custody of federal express mail addressed to the following:

Jeffrey Sonnabend
**SONNABEND LAW**
600 Prospect Avenue
Brooklyn, NY 11215-6012

_____
Nellya Dym

Sworn to before me this
7th day of June, 2007

_____
Notary Public

SUSAN KAPLAN
Notary Public, State of New York
No. 01KA5008179
Qualified in Kings County
Commission Expires February 15, 20 11