# EXHIBIT 1

AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

_____ Southern _____ DISTRICT OF _____ New York _____

Baby Bean Productions LLC

SUMMONS IN A CIVIL CASE

v.

DC Shoes Inc.

07 CV 3616

JUDGE CEDARBAUM

TO: (Name and address of defendant)

DC Shoes, Inc., 1333 Keystone Way, Unit A, Vista, CA 92081

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Jeffrey Sonnabend
SonnabendLaw
600 Prospect Ave.
Brooklyn, NY 11215-6012

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON
CLERK

DATE  MAY 0 7 2007

(BY) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------x
Baby Bean Productions LLC,

    Plaintiff,

        v.

DC Shoes Inc.,

    Defendant.
---------------------------------------------------x

FIRST AMENDED
CIVIL COMPLAINT

07-CV-3616 (MGC)

JURY TRIAL DEMANDED

### The Parties

1. Plaintiff is a Pennsylvania limited liability company with a place of business at 823 Brookside Drive, Boalsburg, PA 16827.

2. Defendant, upon information an belief, is a California corporation with a place of business at 1333 Keystone Way, Unit A, Vista, CA 92081.

### Nature of the Action

3. This action is brought in part under Lanham Act § 43(a), 15 U.S.C. § 1125(a).

4. This action is brought in part for deceptive trade practices under Article 22-A of the New York General Business Laws, N.Y. Gen. Bus. Law § 349 et seq.

### Jurisdiction and Venue

5. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338.

6. Jurisdiction for the state false advertising cause of action is proper under 28 U.S.C. § 1367.

7. Jurisdiction if further proper under N.Y.C.P.L.R. § 302(a).

8. Venue is proper under 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 1391(c).

**Facts**

9. Plaintiff organizes, promotes and runs "extreme sports" style bicycle events and competitions.

10. Plaintiff and its predecessors in interest have conducted annual events and competitions in New York City under the brand name "King of New York". Plaintiff's use of the "King of New York" mark, directly and through its predecessors in interest, has been continuous since approximately June 17, 1995.

11. In or about early February, 2006, Plaintiff contacted Defendant, seeking to obtain Defendant's advertising sponsorship for Plaintiffs scheduled 2006 "King of New York" event. During these communications, Plaintiff provided Defendant, *inter alia*, with Plaintiff's brand name for its event and the nature of the event. Defendant declined to enter into any sponsorship agreement with Plaintiff.

12. On or about September 1, 2006, Defendant conducted a heavily promoted "extreme sports" style event in New York City called "King of New York".

13. Shortly after Defendant's "King of New York" event, Plaintiff informed Defendant that Defendant's use of the "King of New York" in connection with Defendant's event infringed Plaintiff's trademark. From that time until shortly before commencement of the present action, Plaintiff has repeatedly asked that Defendant confirm that it would refrain from any further use of Plaintiff's mark. Defendant has refused.

14. Upon information and belief, Defendant conducted its "King of New York" event with the purpose and intent of trading on the goodwill of Plaintiff's "King of New York" mark, and further with the purpose and intent of passing-off Defendant's event as Plaintiff's.

15. Upon information and belief, actual confusion has occurred as a result of Defendant's actions.

16. Upon information and belief, Defendant intends to continue use of the "King of New York" mark in connection with future "extreme sports" style events in and around New York City.

## First Count
## Trademark Infringement

17. Plaintiff hereby incorporates the allegations of paragraph 1 through 16 as if stated fully herein.

18. Defendant has infringed Plaintiff's trademark in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

19. Defendant's infringing conduct has caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

20. Plaintiff has been and continues to be irreparably harmed by Defendant's past and continuing violation of Lanham Act § 43(a), 15 U.S.C. § 1125

## Second Count
## Deceptive Trade Practices

21. Plaintiff hereby incorporates the allegations of paragraph 1 through 16 as if stated fully herein.

22. Defendant has engaged and continues to engage in deceptive trade practices in the course of conducting its "King of New York" event within the State of New York. Such deceptive trade practices contravene Article 22-A of the New York General Business Laws, N.Y. Gen. Bus. Law § 349 et seq.

23. Plaintiff has been and continues to be irreparably harmed by Defendant's past and ongoing deceptive trade practices.

### Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor Plaintiff:

a. Awarding actual damages to Plaintiff in an amount to be determined;

b. Awarding exemplary damages to Plaintiff in an amount equal to three times the actual damages and profits awarded;

c. Ordering an accounting of Defendant's profits and awarding the amount of such profits to Plaintiff;

d. Awarding Plaintiff its costs and attorneys' fees;

e. Permanently enjoining Defendant from all use of the mark "King of New York" and confusingly similar variations thereof;

f. Requiring Defendant to undertake remediative action, to be approved by the Court, designed to correct the confusion caused by Defendant's use of Plaintiff's "King of New York" mark; and

4

    g.    Providing all other equitable relief that the Court deems just and proper.

> Respectfully submitted,
> Baby Bean Productions LLC
> by its attorney,
>
> _____
> Jeffrey Sonnabend (JS1243)
> SonnabendLaw
> 600 Prospect Avenue
> Brooklyn, NY 11215-6012
> 718-832-8810
> JSonnabend@SonnabendLaw.com
>
> Dated: May 9, 2007

5