Adam M. Cohen, Esq. (AMC-9918)
Gillian Overland, Esq. (GO-7300)
**KANE KESSLER, P.C.**
1350 Avenue of the Americas
New York, New York 10019
(212) 541-6222

Attorneys for Defendant DC Shoes, Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x

| | |
|---|---|
| BABY BEAN PRODUCTIONS, LLC, | |
| Plaintiff, | ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF DEFENDANT DC SHOES, INC. |
| - against - | |
| DC SHOES, INC., | 07 Civ. 3616 (MGC) |
| Defendant. | JURY TRIAL DEMANDED ON COUNTERCLAIM |

-----------------------------------------------------------x

      Defendant DC Shoes, Inc. (the "Defendant"), by its undersigned attorneys Kane Kessler, P.C., as and for its answer to the First Amended Civil Complaint dated May 9, 2007 (the "Complaint") of plaintiff Baby Bean Productions, LLC ("Plaintiff") and Counterclaim, respectfully alleges as follows:

### THE PARTIES

      1.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

      2.    Defendant admits the allegations contained in paragraph 2 of the Complaint.

## NATURE OF THE ACTION

3. Defendant admits that Plaintiff purports to seek relief under the trademark laws of the United States referred to in paragraph 3 of the Complaint.

4. Defendant admits that Plaintiff purports to have sought relief under the deceptive trade practices laws of New York but states that no response to paragraph 4 of the Complaint is required since Plaintiff voluntarily dismissed this claim on June 25, 2007.

5. Defendant avers that paragraph 5 of the Complaint contains legal conclusions to which no response is required.

6. Defendant avers that paragraph 6 of the Complaint contains legal conclusions to which no response is required and that the allegations set forth therein have been rendered moot by Plaintiff's voluntary dismissal of its state deceptive trade practices claim.

7. Defendant avers that paragraph 7 of the Complaint contains legal conclusions to which no response is required.

8. Defendant avers that paragraph 8 of the Complaint contains legal conclusions to which no response is required.

## FACTS

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Defendant denies, upon information and belief, the allegations contained in paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint except admits that in or about September 2006 Defendant conducted a skateboarding event in New York.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies, upon information and belief, the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

## FIRST COUNT
## PURPORTED TRADEMARK INFRINGEMENT

17. With respect to paragraph 17 of the Complaint, Defendant repeats and realleges its responses to the allegations set forth in paragraphs 1 through 16 as if more fully set forth herein at length.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

## SECOND COUNT
## DECEPTIVE TRADE PRACTICES

21. With respect to paragraph 21 of the Complaint, Defendant repeats and realleges its responses to the allegations set forth in paragraphs 1 through 20 as if more fully set forth herein at length.

22. With respect to paragraph 22 of the Complaint, Defendant states that no response is required since Plaintiff voluntarily dismissed its deceptive trade practices claim on June 25, 2007.

23. With respect to paragraph 23 of the Complaint, Defendant states that no response is required since Plaintiff voluntarily dismissed its deceptive trade practices claim on June 25, 2007.

## FIRST AFFIRMATIVE DEFENSE

24. The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

25. Plaintiff's claim is barred by the doctrines of laches, waiver, acquiescence and estoppel.

## THIRD AFFIRMATIVE DEFENSE

26. Plaintiff has no federal trademark rights to assert inasmuch as Plaintiff's use of the "King of New York" mark, if any, does not affect the type of commerce which may be lawfully regulated by Congress.

## FOURTH AFFIRMATIVE DEFENSE

27. At all times referred to herein, Defendant did not willfully perform any act whatsoever constituting a violation of any rights of Plaintiff and at all times acted in good faith.

## FIFTH AFFIRMATIVE DEFENSE

28.   There is no likelihood of confusion between Plaintiff's alleged "King of New York" designation and any trademark used by Defendant.

## SIXTH AFFIRMATIVE DEFENSE

29.   Plaintiff has no trademark rights to assert since its alleged trademark is descriptive and/or not capable of distinguishing the services of Plaintiff and has not achieved secondary meaning.

## SEVENTH AFFIRMATIVE DEFENSE

30.   Plaintiff's claims are barred because Defendant has priority of use with respect to the accused designation.

## COUNTERCLAIM
## DECLARATORY JUDGMENT

Counterclaim Plaintiff DC Shoes, Inc., as and for its counterclaim against Counterclaim Defendant Baby Bean Productions, Inc., avers as follows:

31.   DC Shoes, Inc. is a California corporation with a place of business at 1333 Keystone Way, Unit A, Vista, California 92081.

32.   Upon information and belief, Baby Bean Productions, LLC is a Pennsylvania limited liability company with a place of business at 823 Brookside Drive, Boalsburg, Pennsylvania, 16827.

33. This Counterclaim for declaratory judgment arises under the United States Lanham Act, 15 U.S.C. § 1051 et. seq. Jurisdiction over the counterclaim is predicated upon federal subject matter jurisdiction pursuant to 28 U.S.C. §§1331, 1338, 2201 and 2202. Venue is proper pursuant to 28 U.S.C. §1391 (b).

34. This counterclaim is for, among other things, a declaration by the Court that Defendant's conduct has not constituted false designation of origin pursuant to 15 U.S.C. §1125(a) and that Plaintiff has no trademark rights capable of being asserted under the United States Lanham Act.

35. Plaintiff has commenced the instant action claiming that the actions of Defendant constitute false designation of origin under Section 43(a) of the Lanham Act. Defendant denies such allegations.

36. Plaintiff's alleged trademark rights are not capable of being asserted pursuant to the Lanham Act because Plaintiff's alleged trademark use has not and does not affect the type of commerce which may be lawfully regulated by Congress.

37. Plaintiff has no trademark rights capable of being asserted under the Lanham Act because Plaintiff's alleged trademark is merely descriptive pursuant to 15 U.S.C. §1052(e) and otherwise not capable of differentiating the services of Plaintiff and has not achieved secondary meaning.

38. Defendant/Counterclaim Plaintiff has priority of use with respect to the accused designation.

39. There is no likelihood that an appreciable number of reasonably prudent consumers would be confused as to source, sponsorship or affiliation by the concurrent use in

commerce of Plaintiff's alleged "King of New York" designation and any trademark used by Defendant.

    40.    By reason of the foregoing, an actual controversy has arisen and exists between the parties.

**WHEREFORE**, Defendant/Counterclaim Plaintiff DC shoes, Inc. hereby respectfully requests that the Court order that:

    A.    The Complaint be dismissed with prejudice;

    B.    Defendant/Counterclaim Plaintiff's actions be declared not to constitute a false designation of origin under 15 U.S.C. §1125(a);

    C.    Plaintiff/Counterclaim Defendant's alleged trademark "King of New York" be declared not capable of federal registration or protection under the United States Lanham Act;

    D.    The United States Patent and Trademark Office deny Plaintiff/Counterclaim Defendant's pending application for federal trademark registration Serial No. 78/969383 for the mark "King of New York";

    E.    Plaintiff/Counterclaim Defendant pay over to Defendant/Counterclaim Plaintiff the reasonable attorneys' fees and costs of Defendant/Counterclaim Plaintiff incurred in connection with this action; and

      F.      For such other and further relief as the Court deems just and proper.

Dated: New York, New York
       July 5, 2007

                                       KANE KESSLER, P.C.

                                       By: _____
                                          Adam M. Cohen (AMC-9918)
                                          Gillian Overland (GO-7300)
                                 Attorneys for Defendant DC Shoes, Inc.
                                 1350 Avenue of the Americas
                                 New York, New York 10019
                                 (212) 541-6222

**AFFIDAVIT OF SERVICE**
**<u>VIA REGULAR MAIL</u>**

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF NEW YORK  )

      I, **NELLYA DYM**, being duly sworn, say:

      I am not a party to the within action, am over 18 years of age, and reside in Brooklyn, New York.

      On July 5, 2007, I served the within:

**ANSWER, AFFIRMATIVE DEFENSES AND**
**COUNTERCLAIM OF DEFENDANT DC SHOES, INC.**

by delivering a true copy thereof, enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following:

Jeffrey Sonnabend
**SONNABEND LAW**
600 Prospect Avenue
Brooklyn, NY 11215-6012

_____
Nellya Dym

Sworn to before me this
5th day of July, 2007

_____
Notary Public

SUSAN KAPLAN
Notary Public, State of New York
No. 01KA5008179
Qualified in Kings County
Commission Expires February 15, 20 11