UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------x
Baby Bean Productions LLC,

       Plaintiff,                           07-CV-3616 (MGC)

              v.                    PLAINTIFF'S MOTION TO
                                        AMEND THE COMPLAINT

DC Shoes Inc.,

       Defendant.
--------------------------------------------------------x

Plaintiff brings the instant motion to amend the complaint pursuant Fed. R. Civ. P. 15(a). Plaintiff seeks to add Defendant's wholly owning parent corporation, Quicksilver, Inc., as a party, bringing two causes of action against it.[1]

I.      **Summary of the Case**

Plaintiff provides entertainment services under the mark "King of New York." Plaintiff and its immediate predecessors in interest have provided entertainment services under the mark since 1995.

Plaintiff initiated the present action on May 7, 2007 after learning that Defendant had used Plaintiff's mark in connection with Defendant's own entertainment services. Defendant filed its answer on July 5, 2007. No scheduling order has been entered in the case.

---

[1] In an effort to preserve its choice of forum in the event that the Court denies the instant motion, Plaintiff has commenced concurrently herewith a distinct action against Quicksilver, Inc., on the same counts contained in the proposed amended complaint. Plaintiff has not served the newly filed complaint and will do so only in the event that the Court denies the instant motion. In the event that the Court grants Plaintiff's instant motion, Plaintiff will voluntarily dismiss the new action. The newly filed action is case number 08-CV-3596.

Both parties served discovery requests on the opposing party. Plaintiff timely responded in September of 2007. Plaintiff has produced all responsive documents in its possession and answered all interrogatories. Defendant answered Plaintiff's interrogatories but produced no documents.

The parties entered into substantive settlement discussions in the fall of 2007. In connection with their discussions and in order to avoid unnecessary expense, the parties agreed on November 12, 2007 to postpone all discovery pending the outcome of the talks, including postponing Defendant's document production and depositions noticed on Plaintiff. Discussions concluded without settlement on or about January 25, 2008, whereupon Defendant renewed its notice of deposition of Plaintiff's principal, Danny Parks, and Plaintiff renewed its previously unsuccessful document requests.

Plaintiff produced Mr. Parks for deposition on February 6, 2008.

To date, Defendants have refused to produce as much as a single document in response to Plaintiff's requests. Plaintiff has asked Defendant for its production several times to no avail. Most recently, on March 15, 2008, counsel for Plaintiff spoke with counsel for Defendant regarding Defendant's documents. Counsel for Defendant refused to commit to any production whatsoever. Lacking any documents from Defendant, Plaintiff has been unable to notice any depositions.[2] Defendant has utterly stalled discovery and, consequently, the case.

## II.     Motions for Leave to Amend under Fed. R. Civ. P. 15(a) Should be Freely Granted in the Interests of Justice

Fed. R. Civ. P. 15(a) provides that, after responsive pleadings have been entered,

---

[2] Defendant's refusal is subject of a forthcoming motion to compel.

2

> a party may amend the party's pleading only by leave of court or by
> written consent of the adverse party; *and leave shall be freely given*
> *when justice so requires*.

(emphasis added).  The Supreme Court long ago considered the mandate of Fed. R. Civ. P. 15(a),

emphasizing unequivocally the importance of freely granting leave to amend:

> [i]f the underlying facts or circumstances relied upon by [a party]
> may be a proper subject of relief, he ought to be afforded an
> opportunity to test his claim on the merits. In the absence of any
> apparent or declared reason -- such as undue delay, bad faith, or
> dilatory motive on the part of the movant, repeated failure to cure
> deficiencies by amendments previously allowed, undue prejudice
> to the opposing party by virtue of allowance of the amendment,
> futility of amendment, etc. -- the leave sought should, as the rules
> require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

Since *Foman*, the Second Circuit has repeatedly confirmed the importance of allowing

plaintiffs to amend complaints so that non-frivolous claims may be fully and fairly adjudicated:

> if the plaintiff has at least colorable grounds for relief, justice does
> so require [leave to amend] unless the plaintiff is guilty of undue
> delay or bad faith or unless permission to amend would unduly
> prejudice the opposing party

*S.S. Silber-blatt, Inc. v. East Harlem Pilot Block -- Bldg. 1 Housing Dev. Fund Co.*, 608 F.2d 28,

42 (2d Cir. 1979) (citing *Foman*); *and see, Aetna Casualty and Surety Co., v. Aniero Concrete*

*Co., Inc.*, 404 F.3d 566, 604 (2d Cir. 2005) ("Rule 15(a) directs that leave to amend should be

'freely given.'" and citing *Foman*); *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir.

1990) ("Generally, permission to amend should be freely granted."), cert. denied, 505 U.S. 1222

(1992); *Richardson Greenshields Securities, Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987).

Perhaps most succinctly, Judge Leisure, in *Intersource, Inc., v. Kidder Peabody & Co. Inc.*, re-stated the Second Circuit's position on Rule 15(a):

> [t]he underlying purpose of Rule 15, is "to facilitate decision on the merits, rather than on the pleadings or technicalities."

1992 U.S. Dist. LEXIS 17740, *4-5 (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).

### III. Amending the Complaint will Serve the Interests of Justice and Cause no Prejudice to Any Party

Plaintiff recently learned that Defendant's wholly owning parent, Quicksilver, Inc., is and has been the registrant of several domains comprising in significant part Plaintiff's "King of New York" trademark. The websites operated under the domains in question have contained advertising and promotional content concerning Quicksilver/DC Shoes products, the infringing "King of New York" event, and/or the "King of" event series. Not only do these acts constitute trademark infringement by Defendant, but by its wholly owning parent, Quicksilver, as well.

Plaintiff now seeks to amend the complaint to add Defendant's wholly owning parent corporation as a party.[3] The proposed amended complaint adds two causes of action against Quicksilver, namely, a trademark infringement cause of action paralleling the infringement cause of action presently pending against Defendant DC Shoes, and a cause of action for violation of the Anticybersquatting Consumer Protection Act, codified at 15 U.S.C. § 43(d).

By allowing Plaintiff to add Defendant's wholly owning parent as a defendant, Plaintiff will be permitted a decision on the full merits of its case, rather than on pleadings addressing

---

[3] The complaint as originally filed erroneously named the wrong plaintiff in the signature block. The complaint was amended, prior to Defendant's answer, to correct this error. The complaint has not been substantively amended to date.

4

only part of the whole. For this reason, the interests of justice will be served by permitting Plaintiff to amend as requested.

Not only will granting Plaintiff leave to amend serve the interests of justice, doing so will have essentially no impact on the proceedings. First, the proposed counts stem from the exact same nucleus of facts as the current count. They likely concern the many of the same individuals as the current count. Therefore, discovery on all counts will overlap significantly and discovery will not be augmented in any significant manner, if at all, by the additional counts.

Furthermore, because Defendant has yet to provide any meaningful discovery, Plaintiff's entire discovery lies before it. There will be no duplication of prior, substantive discovery efforts for the simple reason that Plaintiff has received no substantive discovery.

Finally, to the extent that Defendant might complain of "delay" occasioned by the amended complaint, such arguments must ring hollow. Defendant has delayed the case to the point of standstill. Defendant should not be allowed to argue delay-induced prejudice when Defendant itself has been guilty of grinding the matter to a halt.

**IV.    Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant it leave to file the presently proposed Second Amended Complaint.

Respectfully submitted,
Baby Bean Productions LLC
by its attorney,

_____
Jeffrey Sonnabend (JS1243)
SonnabendLaw
600 Prospect Avenue
Brooklyn, NY 11215-6012
718-832-8810
JSonnabend@SonnabendLaw.com

Dated: April 15, 2008