UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
Baby Bean Productions LLC,

    Plaintiff,

             v.

DC Shoes Inc. and Quicksilver, Inc.,

    Defendants.
-----------------------------------------------------------x

[PROPOSED] SECOND AMENDED CIVIL COMPLAINT

07-CV-3616 (MGC)

JURY TRIAL DEMANDED

## The Parties

1. Plaintiff is a Pennsylvania limited liability company with a place of business at 823 Brookside Drive, Boalsburg, PA 16827.

2. Defendant DC Shoes Inc. Inc., upon information an belief, is a California corporation with a place of business at 1333 Keystone Way, Unit A, Vista, CA 92081.

3. Defendant Quicksilver, Inc., upon information and belief, is a Delaware corporation with a place of business at 15202 Graham Street, Huntington Beach, CA 92649.

4. Upon information and belief, Defendant DC Shoes Inc. Inc. is a wholly owned subsidiary of Quicksilver, Inc.

## Nature of the Action

5. This action is brought in part under Lanham Act § 43(a), 15 U.S.C. § 1125(a).

6. This action is brought in part under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

**Jurisdiction and Venue**

7. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338.

8. Venue is proper under 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 1391(c).

**Facts**

9. Plaintiff organizes, promotes and runs "extreme sports" style bicycle events and competitions.

10. Plaintiff and its predecessors in interest have conducted annual events and competitions in New York City under the brand name "King of New York". Plaintiff's use of the "King of New York" mark, directly and through its predecessors in interest, has been continuous since approximately June 17, 1995.

11. In or about early February, 2006, Plaintiff contacted Defendant DC Shoes Inc., seeking to obtain Defendant DC Shoes Inc.'s advertising sponsorship for Plaintiffs scheduled 2006 "King of New York" event. During these communications, Plaintiff provided Defendant DC Shoes Inc., *inter alia*, with Plaintiff's brand name for its event and the nature of the event. Defendant DC Shoes Inc. declined to enter into any sponsorship agreement with Plaintiff.

12. On or about September 1, 2006, Defendant DC Shoes Inc., conducted a heavily promoted "extreme sports" style event in New York City called "King of New York".

13. Shortly after Defendant DC Shoes Inc.'s "King of New York" event, Plaintiff informed Defendant DC Shoes Inc. that Defendant DC Shoes Inc.'s use of the "King of New York" in connection with Defendant DC Shoes Inc.'s event infringed Plaintiff's trademark. From that time until shortly before commencement of the present action, Plaintiff has repeatedly

asked that Defendant DC Shoes Inc. confirm that it would refrain from any further use of Plaintiff's mark. Defendant DC Shoes Inc. has refused.

14. Upon information and belief, Defendant DC Shoes Inc. conducted its "King of New York" event with the purpose and intent of trading on the goodwill of Plaintiff's "King of New York" mark, and further with the purpose and intent of passing-off Defendant DC Shoes Inc.'s event as Plaintiff's.

15. Upon information and belief, actual confusion has occurred as a result of Defendant DC Shoes Inc.'s actions.

16. Upon information and belief, Defendant DC Shoes Inc. intends to continue use of the "King of New York" mark in connection with future "extreme sports" style events in and around New York City.

17. In connection with the "King of New York" event of its wholly owned subsidiary DC Shoes Inc., Defendant Quicksilver, Inc., registered the domain "dckingofnewyork.com". Upon information and belief, the website hosted at "dckingofnewyork.com" contained in part advertising and promotional content concerning Defendant DC Shoes Inc.'s products and its "King of New York" event.

18. Upon information and belief, for some time the website hosted at "dckingofnewyork.com" automatically redirected consumers to a website hosted at "dckingof.com".

19. Upon information and belief, the website hosted at "dckingof.com" contained in part advertising and promotional content concerning Defendant DC Shoes Inc.'s products and its "King of New York" event and/or "King of" event series.

20. Presently, the website hosted at "dckingofnewyork.com" automatically redirects consumers to a website hosted at "dcskateboarding.tv".

21. The website hosted at "dcskateboarding.tv" contains in part advertising and promotional content concerning Defendant DC Shoes Inc.'s products and its "King of" event series.

22. The domains "dckingofnewyork.com", "dckingof.com", and "dcskateboarding.tv" are registered to Defendant Quicksilver, Inc.

23. The domain "dckingofnewyork.com" is confusingly similar to Plaintiff's distinctive "King of New York" mark.

24. Upon information and belief, Defendant Quicksilver, Inc., registered, used, and continues to use the domain "dckingofnewyork.com" with a bad faith intent to profit from Plaintiff's distinctive "King of New York" mark.

## First Count
## Trademark Infringement - Defendant DC Shoes Inc.

25. Plaintiff hereby incorporates the allegations of paragraph 1 through 24 as if stated fully herein.

26. Defendant DC Shoes Inc. has infringed Plaintiff's trademark in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

27. Defendant DC Shoes Inc.'s infringing conduct has caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

28. Plaintiff has been and continues to be irreparably harmed by Defendant DC Shoes Inc.'s past and continuing violation of Lanham Act § 43(a), 15 U.S.C. § 1125.

## Second Count
### Trademark Infringement - Defendant Quicksilver, Inc.

29. Plaintiff hereby incorporates the allegations of paragraph 1 through 24 as if stated fully herein.

30. Defendant Quicksilver, Inc. has infringed Plaintiff's trademark in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).0

31. Defendant Quicksilver, Inc.'s infringing conduct has caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

32. Plaintiff has been and continues to be irreparably harmed by Defendant Quicksilver, Inc.'s past and continuing violation of Lanham Act § 43(a), 15 U.S.C. § 1125.

## Third Count
### Violation of the Anticybersquatting Consumer Protection Act
### 15 U.S.C. § 1125(d)

33. Plaintiff hereby incorporates the allegations of paragraph 1 through 24 as if stated fully herein.

34. Defendant Quicksilver, Inc.'s registration of the domain "dckingofnewyork.com" and operation of a website thereunder and on websites to which consumers have been automatically redirected from the "dckingofnewyork.com" domain constitute a violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

35. Defendant Quicksilver, Inc.'s conduct has caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor Plaintiff:

   a.   Awarding actual damages to Plaintiff in an amount to be determined;

   b.   Awarding exemplary damages to Plaintiff in an amount equal to three times the actual damages and profits awarded;

   c.   Ordering an accounting of Defendants' profits and awarding the amount of such profits to Plaintiff;

   d.   Awarding Plaintiff its costs and attorneys' fees;

   e.   Permanently enjoining Defendants from all use of the mark "King of New York" and confusingly similar variations thereof;

   f.   Awarding Plaintiff damages under 15 U.S.C. § 1117(d);

   g.   Ordering the transfer of the "dckingofnewyork.com" domain to Plaintiff and/or ordering the forfeiture and/or cancellation of the domain;

   h.   Requiring Defendants to undertake remediative action, to be approved by the Court, designed to correct the confusion caused by Defendants' use of Plaintiff's "King of New York" mark; and

i. Providing all other equitable relief that the Court deems just and proper.

        Respectfully submitted,
        Baby Bean Productions LLC
        by its attorney,

        _____
        Jeffrey Sonnabend (JS1243)
        SonnabendLaw
        600 Prospect Avenue
        Brooklyn, NY 11215-6012
        718-832-8810
        JSonnabend@SonnabendLaw.com

        Dated: