IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
BABY BEAN PRODUCTIONS LLC,           :
                                     :
                Plaintiff,          :
                                     :
            v.                       : Civil Action No. 07-CV-3616 (MGC)
                                     :
DC SHOES INC.,                       :
                                     :
                Defendant.          :
---------------------------------------------------------------x

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT

Adam M. Cohen (AMC-9918)
Lauren M. Dayton (LMD-9291)
KANE KESSLER, P.C.
1350 Avenue of the Americas
New York, NY 10019
(212) 541-6222

Attorneys for Defendant
DC Shoes Inc.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT

I.      PLAINTIFF'S MOTION TO AMEND THE COMPLAINT SHOULD
        BE DENIED AS FUTILE .................................................................................... 4

        A.      Plaintiff Should Be Denied Leave to Assert its Purported Third
                Count for Cybersquatting Pursuant to Lanham Action Section 43(d)
                Because Such Claim is Futile ................................................................... 4

                1.      Plaintiff's Purported Cyberquatting Claim is Futile Because
                        Plaintiff is not the Owner of the Mark Asserted ........................... 4

                2.      Plaintiff's Purported Section 43(d) Claim is Futile Because
                        The Accused Domain Name Has Been Abandoned and the Claim
                        is Therefore Moot ......................................................................... 7

        B.      Plaintiff's Proposed Claim for "Trademark Infringement" under Section 43(a)
                Against Quiksilver is Futile Because Plaintiff Has Not and Cannot Allege that
                Quiksilver Used "King of New York" in a Commercial Sense ............... 8

II.     PLAINTIFF'S MOTION FOR LEAVE TO AMEND SHOULD BE DENIED
        BECAUSE IT IS MADE IN BAD FAITH ......................................................... 10

CONCLUSION ...................................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**                                                                                                      **Page**

A.V. By Versace, Inc. v. Gianni Versace, S.P.A.
160 F. Supp. 2d 657 (S.D.N.Y. 2001) ................................................................................4

Bank of New York v. Sasson
786 F. Supp. 349 (S.D.N.Y. 1992) .....................................................................................4

Bell Atlantic Corp. v. Twombly
127 S. Ct. 1955, 75 U.S.L.W. 4337 (2007) ........................................................................7

Christ Gatzonis Electric Contractor, Inc. v. New York City School Const. Authority
23 F.3d 636 (2d Cir. 1994) .................................................................................................7

Gebhardt v. Allspect, Inc.
96 F. Supp. 2d 331 (S.D.N.Y. 2000) ..................................................................................9

HQM, Ltd. v. Hatfield
71 F. Supp. 2d 500 (D. Md. 1999) ..................................................................................8, 9

Jews for Jesus v. Brodsky
993 F. Supp. 282 (D.N.J. 1998) ..........................................................................................9

Juno Online Services v. Juno Lighting, Inc.
979 F. Supp. 684 (N.D. Ill. 1997) .....................................................................................10

Law Offices of Curtis v. Trinko, L.L.P., v. Bell Atlantic Corp.
309 F.3d 71 (2d Cir. 2002) .................................................................................................9

Leeds v. Meltz
85 F.3d 51 (2d Cir.1996) ....................................................................................................9

Lockheed Martin Corp v. Network Solutions, Inc.
985 F. Supp. 949 (C.D. Cal. 1997) .....................................................................................9

**Statutes and Treatises**

15 U.S.C. ......................................................................................................................4, 7, 9
Fed. R. Civ. P. 12(b)(6) ......................................................................................................5, 7
C. Wright & A. Miller, Federal Practice and Procedure §1216 .............................................9
J. Thomas McCarthy, McCarthy on Trademarks and
Unfair Competition 4th ed. (2008) ................................................................................6, 7, 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BABY BEAN PRODUCTIONS LLC,           :
                                      :
                Plaintiff,            :
                                      :
        v.                            :   07-CV-3616 (MGC)
                                      :
DC SHOES INC.,                        :
                                      :
                Defendant.            :
------------------------------------------------------------x

### DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT

Defendant DC Shoes Inc. ("DC") submits this memorandum of law in opposition to plaintiff's motion for leave to amend the First Amended Complaint (the "Complaint").

### PRELIMINARY STATEMENT

Plaintiff complains in this suit that DC has infringed unregistered trademark rights in the alleged trademark "King of New York" purportedly used by plaintiff in connection with BMX bicycle stunt competitions. Although DC does not believe that plaintiff has any trademark rights to assert and strongly contests that any trademark infringement by DC has occurred, those issues will be the subject of discovery and further proceedings in this case.

DC is not now using "King of New York" and has not conducted an event with "King of New York" as part of the name since September 2006, well prior to the initiation of this lawsuit. The actions about which plaintiff is complaining have therefore ceased and this case is for all intents and purposes moot. Nonetheless, for reasons we cannot fathom, plaintiff continues

1

to press this lawsuit and now seeks to escalate this suit by amending further its First Amended Complaint to name and assert new claims against DC's parent company Quiksilver, Inc. ("Quiksilver"). Quiksilver is also not using "King of New York". Despite the fact that neither Quiksilver nor DC is using "King of New York", plaintiff is now seeking to assert two causes of action against Quiksilver - - for "trademark infringement" under Section 43(a) of the Lanham Act and for cybersquatting under Section 43(d) of the Lanham Act.[1]

Plaintiff's sole purported basis for trying to drag Quiksilver into this action is that Quiksilver was at one time the nominal registrant of the domain name "dckingofnewyork.com". Plaintiff offers no other basis whatsoever for trying to name Quiksilver.[2] Before this motion, plaintiff *never* requested that the dckingofnewyork.com domain name be abandoned or specifically complained about the existence of the domain name. <u>Quiksilver has now affirmatively abandoned the dckingofnewyork.com domain name and is no longer the owner of this domain name</u>. The domain name is not being used. This motion is therefore a colossal waste of time.

For the reasons described below, plaintiff's motion for leave to amend should be denied.

Plaintiff's purported claim for cybersquatting under Section 43(d) of the Lanham Act should be denied as futile because such a claim can only be brought by the "owner" of a mark. As we demonstrate below, plaintiff is not the owner of the asserted "King of New York"

---

[1] We are aware that certain old, cached references to the 2006 "DC King of New York" event can still be accessed on the Internet through third party websites but this in no sense indicates current use by DC of "King of New York". To our knowledge, cached references appear on unaffiliated websites such as myspace.com and youtube.com and these sites are not affiliated with DC.

[2] In fact, although this is obfuscated in plaintiff's motion papers, since approximately the commencement of this suit until recently, the dckingofnewyork.com domain name did not have a live website associated with it but merely *pointed* to other of DC's websites that did not include any reference whatsoever to "King of New York" in the body of the sites.

#287497.3                                    2

mark; rather, according to plaintiff's own sworn testimony, any asserted rights to "King of New York" are owned by a partnership which includes an individual who is currently not a party to this action. Thus, only the partnership may bring a Section 43(d) claim and plaintiff lacks standing to assert a Section 43(d) claim. Plaintiff's Section 43(d) claim should be denied as futile for the further reason that, as described above, the claim is moot because the domain name has already been abandoned.

Plaintiff's purported Section 43(a) claim against Quiksilver for "trademark infringement" is also futile because plaintiff has not and cannot allege any facts to indicate that Quiksilver made commercial use of "King of New York", which is a *sine qua non* of a Section 43(a) claim.

Finally, it is clear that plaintiff is maliciously misusing the legal process by attempting to expand an already moot lawsuit by dragging in a corporate defendant that has nothing to do with the actions about which plaintiff complains, and therefore this motion to amend is brought in bad faith, is frivolous and should be denied on that ground as well.[3]

---

[3] Plaintiff's history of amending its complaint in this case is indicative of the scattershot way in which it has conducted this litigation and its lack of concern for asserting only meritorious claims. Plaintiff filed its original complaint on or about May 7, 2007. Thereafter, plaintiff filed its First Amended Complaint on or about May 9, 2007 asserting two causes of action - - one cause of action under Section 43(a) of the Lanham Act and one cause of action under Section 349(a) of the New York General Business Law. Since the Section 349(a) claim was plainly lacking in merit, on or about June 7, 2008, DC moved pursuant to Fed. R. Civ. 12(b)(6) to dismiss the Section 349(a) cause of action for failure to state a claim upon which relief could be granted. In response to the motion and conceding the lack of merit of its claim, plaintiff filed a Notice of Partial Voluntary Dismissal pursuant to Rule 41(a)(1) voluntarily dismissing the Section 349(a) claim, thereby effectively amending the complaint yet again. Now, plaintiff is attempting to amend the complaint for a third time.

# ARGUMENT

## I.

## PLAINTIFF'S MOTION TO AMEND THE COMPLAINT SHOULD BE DENIED AS FUTILE

Although the decision to grant or deny a motion to amend a pleading is within the sound discretion of the district court, the Court should deny leave pursuant to Fed. R. Civ. P. 15(a) when an amendment is offered in bad faith, would cause undue delay or prejudice, or would be futile. See A.V. By Versace, Inc. v. Gianni Versace, S.P.A., 160 F.Supp.2d 657, 666 (S.D.N.Y. 2001). It is well established that "one appropriate basis for denying leave to amend is that the proposed amendment would be futile because it fails to state a claim". Id. If the proposed claim would be subject to dismissal under Rule 12(b)(6), the Court should "refuse to grant leave to amend rather than assent and then await a motion to dismiss." Id., citing Bank of New York v. Sasson, 786 F.Supp. 349, 352 (S.D.N.Y. 1992).

    A.    **Plaintiff Should Be Denied Leave to Assert its Purported Third Count for Cybersquatting Pursuant to Lanham Action Section 43(d) Because Such Claim is Futile**

        1.    **Plaintiff's Purported Cyberquatting Claim is Futile Because Plaintiff is not the Owner of the Mark Asserted**

Plaintiff is seeking leave to amend the Complaint to assert against Quiksilver a claim for cybersquatting pursuant to Section 43(d) of the Lanham Act. Section 43(d) of the Lanham Act provides in pertinent part:

> "A person shall be liable in a civil action by the *owner* of a mark, including a personal name which is protected as a mark under this section, if, without regard to the goods or services of the parties, that person . . . .

15 U.S.C. §1125(d)(1)(A) (emphasis added)

Nowhere in the proposed Second Amended Complaint does plaintiff allege that it is the owner of "King of New York". In fact, the word "owner" does not appear anywhere in the proposed Second Amended Complaint. Plaintiff's Section 43(d) claim is therefore fatally deficient on its face and would properly be dismissed pursuant to Rule 12(b)(6) if such claim was contained in a properly interposed pleading. Moreover, failure to allege ownership is no mere oversight; plaintiff *cannot* allege that it is the owner of "King of New York" because it has admitted that it is not the owner. In a sworn deposition given in this case by plaintiff's sole member Danny Parks, Mr. Parks testified that he was a party to a partnership agreement with an individual named Luis Perez and, pursuant to the partnership agreement, the *partnership* owned "King of New York". The following testimony is instructive:

Page 9, Line 3

>  Q: Who is the KoNY event owned by?
>  A: Baby Bean and Luis Perez.
>  Q: So the event is owned by Baby Bean and Luis Perez jointly?
>  A: Correct.
>  Q: And did there come a time when you formed a partnership with respect to the KoNY event?
>  A: Yes.

Page 11, Line 14

>  Q: Now you formed this partnership in August 2005 with Luis Perez, is that correct?
>  A: Mm-hmm.
>  Q: What was the nature of the partnership?
>  A: That it was - - I don't quite understand your question.
>  Q: What is the purpose of the partnership?
>  A: What's - - I mean, what's the purpose of a partnership? To run things together.
>  Q: I think you already described that the partnership owned the event after that point in time.
>  A: Correct

#287497.3

5

Page 23, Line 17

    Q:    Now, [the partnership agreement] talks about event property. Do you see that word appearing in the document?
    A:    Yes.
    Q:    What does "event property" mean?
    A:    It means the - - to me what does it mean?
    Q:    What does it mean - - you wrote this document. What does it mean in the context of this document?
    A:    It means the King of New York. Everything related to it.
    Q:    So "event property" means everything related to the King of New York event.
    A:    Correct.
    Q:    So that would mean the - - give me some examples of what that means.
    A:    Well, I have stuff in here for example. Net profits of the partnership, any equity of the event, *trademark rights*, licensing rights. I mean, anything that we deemed relevant to King of New York.
    Q:    So trademark rights are part of event property?
    A:    I believe so.
    Q:    And event property is owned jointly by you and Luis Perez under this document?
    A:    Correct.

(emphasis added). (Copies of the relevant pages 9 through 23 of the Parks deposition transcript are attached as Exhibit A. Defendant will make a full copy of the transcript available for the Court's inspection upon the request of the Court) Thus, it is clear that plaintiff does not own the rights being asserted in "King of New York".

Even if plaintiff Baby Bean Productions, LLC is deemed a partner in the partnership that owns "King of New York", plaintiff still cannot claim that it is an owner of the mark, albeit an independent owner, because as a matter of law a trademark may not be independently owned by more than one person or entity. A trademark by definition is an identification of a single source and, unlike a patent or copyright, must be owned by a single person or entity (including a partnership). See 1 McCarthy on Trademarks and Unfair Competition, J. Thomas McCarthy, 4th ed. §3:2 at 3-3 (2008) ("[i]n general, trademarks perform four functions that are deserving of protection in courts: (1) *to identify one seller's goods and*

*distinguish them from goods sold by others*: (2) to signify that all goods bearing the trademark *come from or are controlled by a single, albeit anonymous, source . . . .* " ; Id. at § 3:3 ("[r]ather, to create trademark or trade dress rights, a designation must be proven to perform the job of identification; *to identify one source and distinguish it from other sources; if it does not do this, then it is not protectable as a trademark . . . .*) (emphasis added)   Thus, it is indisputable that Baby Bean Productions, LLC is not the owner of the "King of New York" designation that plaintiff purports to assert and plaintiff has no standing to assert its Section 43(d) claim.

Since a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted where, as here, it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief (see, e.g. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 75 U.S.L.W. 4337 (2007); Christ Gatzonis Elec. Contractor, Inc. v. New York City School Const. Authority, 23 F.3d 636 (2d Cir. 1994)), allowing plaintiff to assert a claim under Section 43(d) is futile because it is not the owner of the mark asserted and has no standing to assert such a claim.

   2.   **Plaintiff's Purported Section 43(d) Claim is Futile Because The Accused Domain Name Has Been Abandoned and the Claim is Therefore Moot**

Section 43(d) of the Lanham Act - - the Anti-Cybersquatting Consumer Protection Act - - has as its sole purpose the prevention of the registration, use or trafficking of domain names that are confusingly similar to the name or distinctive mark of another party with a bad faith intent to profit.  15 U.S.C. § 1125(d)(1)(A)  Although we deny strenuously that DC or Quiksilver has conducted any activities proscribed by this statute, as we describe above the accused domain name dckingofnewyork.com has now been abandoned by Quiksilver , which is essentially the remedy that plaintiff is seeking by this claim. Accordingly, the Section 43(d)

#287497.3                              7

claim is moot and the motion for leave to amend the complaint to assert the Section 43(d) claim should be denied as futile.

      **B.**    **Plaintiff's Proposed Claim for "Trademark Infringement" under Section 43(a) Against Quiksilver is Futile Because Plaintiff Has Not and Cannot Allege that Quiksilver Used "King of New York" in a Commercial Sense**

      Plaintiff has not and cannot allege any facts to indicate that Quiksilver used "King of New York" in any commercial way, which is a *sine qua non* of any Section 43(a) claim. See e.g. HQM, Ltd. v. Hatfield, 71 F. Supp.2d 500, 507 (D. Md. 1999) (granting defendant's motion to dismiss and denying leave to file an amended pleading, court held that "nearly every Court to have decided whether mere registration or activation of a domain name constitutes 'commercial use' has rejected such arguments"); 15 U.S.C. §1125(a)(1)(A) (prohibited acts must be made "on or in connection with any goods or services" and constitute "use[] in commerce"); 4 McCarthy on Trademarks and Unfair Competition, J. Thomas McCarthy, 4th ed. §25:76 at 25-316 (2008) ("[s]imilarly, for unregistered marks, the Lanham Act requires that the accused use be 'on or in connection with any goods or services"). Other than plaintiff's allegations that Quiksilver was at one time the nominal registrant of the domain name dckingofnewyork.com, plaintiff has alleged no facts to indicate that Quiksilver had anything to do with the allegedly infringing actions. For instance, plaintiff does not and cannot allege any facts to support that (i) Quiksilver designed or operated any website upon which any allegedly infringing materials appeared, or (ii) had any role whatsoever in the DC King of New York event in 2006 about which plaintiff complains. Rather, the sum total of plaintiff's allegations concerning Quiksilver are the conclusory allegations in paragraphs 24 and 34 of the Proposed Second Amended Complaint that Quiksilver used and continues to use the "dckingofnewyork.com" domain name and operates a website thereunder. However, such conclusory allegations are devoid of factual predicate and are

#287497.3                                              8

insufficient to sustain a Section 43(a) claim. See <u>Gebhardt</u> v. <u>Allspect, Inc.</u>, 96 F. Supp. 2d 331, 333 (S.D.N.Y. 2000) (to avoid dismissal the nonmoving party must allege facts upon which a claim may be sustained and do more than plead "conclusory allegations or legal conclusions masquerading as factual conclusions"); <u>Law Offices of Curtis</u> v. <u>Trinko, L.L.P., v. Bell Atl. Corp.</u>, 309 F.3d 71, 74 (2d Cir. 2002) ("[b]ald assertions and conclusions of law will not suffice,"), quoting, <u>Leeds</u> v. <u>Meltz</u>, 85 F.3d 51, 53 (2d Cir.1996); <u>see also</u> 5 C. Wright & A. Miller, <u>Federal Practice and Procedure</u> § 1216, pp. 235-236 (3d ed. 2004) ("[t]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

The simple act of registering a domain name or using the domain name to identify an address on the Internet without reference to claimant's purported mark is insufficient to sustain a claim of trademark infringement. Trademark infringement or unfair competition under Section 43(a) of the Lanham Act requires that the accused use be "on or in connection with any goods or services" in a manner that is likely to cause confusion, mistake or deception. 15 U.S.C. § 1125(a). Mere reservation of a domain name or use to identify an Internet address does not trigger infringement under the Lanham Act. As the United States District Court for the Central District of California held in <u>Lockheed Martin Corp.</u> v. <u>Network Solutions, Inc.</u>:

> "When a domain name is used only to indicate an address on the Internet, the domain name is not functioning as a trademark. . . [S]omething more than the registration of the domain name is required before the use of a domain name is infringing."

<u>Lockheed</u>, 985 F. Supp. 949 (C.D. Cal. 1997), *aff'd* 194 F.3d 980 (9th Cir. 1999); <u>Jews for Jesus</u> v. <u>Brodsky</u>, 993 F. Supp. 282 (D.N.J. 1998) ("the mere registration of a domain name, without more, is not a 'commercial use' of a trademark"), *aff'd*, 159 F.3d 1351 (3d Cir. 1998); <u>HQM, Ltd.</u> v. <u>Hatfield</u>, <u>supra</u>, 71 F. Supp.2d at 507 (granting defendant's motion to dismiss and

#287497.3                                          9

denying leave to file an amended pleading, court held that "nearly every Court to have decided whether mere registration or activation of a domain name constitutes 'commercial use' has rejected such arguments"); Juno Online Services v. Juno Lighting, Inc., 979 F. Supp. 684 (N.D. Ill. 1997) (same).

As stated above, Quiksilver is not using and does not now own the domain name dckingofnewyork.com or any domain name including the words "King of New York". There are no factual allegations in the proposed Second Amended Complaint to indicate that Quiksilver ever designed, operated or maintained a website identified by a domain name including the words "King of New York or in any other way used a mark or designation including the words "King of New York". Moreover, plaintiff has offered no reason why, assuming any liability for past acts which we strenuously deny, it needs Quiksilver in this case and ample remedy cannot be had against DC. Accordingly, there is simply no good reason to expand this already moot lawsuit to include a new corporate defendant against which plaintiff has no valid claims.

II.

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND SHOULD BE DENIED BECAUSE IT IS MADE IN BAD FAITH**

As noted above, a motion for leave to amend a pleading should be denied when the pleading is interposed in bad faith. We submit that plaintiff's sole reason for seeking leave to bring in DC's corporate parent is to vex and harass DC and to engage in bad faith litigation. There has been no showing that, in the remote event that plaintiff's claims are sustained, all of the relief and damages plaintiff seeks cannot be obtained against DC. There is no reason to bring Quiksilver into this case other than for reasons of harassment. As such, the motion should be denied.

#287497.3                                10

## CONCLUSION

For the foregoing reasons, plaintiff's motion to amend the First Amended Complaint should be denied.

Dated: New York, New York
       April 30, 2008

                                          KANE KESSLER, P.C.

                                          By: _____
                                                Adam M. Cohen (AMC-9918)
                                                Lauren M. Dayton (LMD-9291)
                                          Attorneys for Defendant DC Shoes Inc.
                                          1350 Avenue of the Americas
                                          New York, New York 10019
                                          (212) 541-6222