UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
Baby Bean Productions LLC,

    Plaintiff,                                   07-CV-3616 (MGC)

        v.                           PLAINTIFF'S REPLY BRIEF IN
                                                  SUPPORT OF ITS MOTION TO
DC Shoes Inc.,                             AMEND THE COMPLAINT

    Defendant.
------------------------------------------------------------x

        Plaintiff submits this reply brief in support of its motion to amend the complaint seeking to add Defendant's wholly owning parent corporation, Quicksilver, Inc., as a party. The proposed amended complaint includes two causes of action against Quicksilver, namely, violation of the Anticybersquatting Consumer Protection Act (the "ACPA"), codified at section 43(d) of the Lanham act, 15 U.S.C. § 1125(d), and trademark infringement under section 43(a) of the Lanham act, 15 U.S.C. § 1125(a).

        Defendant DC Shoes Inc. has made essentially four arguments in opposition to Plaintiff's motion, arguing essentially: (i) that Plaintiff is the wrong party to bring the action; (ii) that Plaintiff's proposed amended complaint would be futile; (iii) that the issues are moot because Quicksilver has ceased violating the ACPA; and (iv) that Plaintiff is acting in bad faith. For the following reasons, each of Defendant's arguments is without merit.

I. **Plaintiff is Owner of the Mark, and The Parties have Agreed to Add Plaintiffs thereby Obviating Defendant's "Wrong Plaintiff" Argument in Any Event**

Defendant first contends that Plaintiff is not the legal owner of the "King of New York" mark in suit and therefore cannot maintain its ACPA and trademark infringement claims against Quicksilver, Inc. Defendant's position is factually and legally incorrect, and in any event is mooted by the parties' agreement to add additional plaintiffs to the case.

    A. **Defendant's Position is Wrong - Plaintiff is the Owner of the "King of New York" Mark.**

Plaintiff is the owner of the mark "King of New York," and has alleged as much in its complaint:

> Plaintiff and its predecessors in interest have conducted annual events and competitions in New York City under the brand name "King of New York". Plaintiff's use of the "King of New York" mark, directly and through its predecessors in interest, has been continuous since approximately June 17, 1995.
>
> . . .
>
> Plaintiff informed Defendant DC Shoes Inc. that Defendant DC Shoes Inc.'s use of the "King of New York" in connection with Defendant DC Shoes Inc.'s event infringed *Plaintiff's trademark*. From that time until shortly before commencement of the present action, Plaintiff has repeatedly asked that Defendant DC Shoes Inc. confirm that it would refrain from any further use of *Plaintiff's mark*.

Proposed Amended Complaint at ¶¶ 10 and 13 (emphasis added). Defendant's argument ignores these substantive allegations of ownership in favor of a superficial form-over-substance analysis. In a nutshell, Defendant argues that due to a lack of the magic word "owner," Plaintiff is foreclosed from bringing suit against Quicksilver.

Defendant points to several, disjointed and ambiguous passages from the deposition of Plaintiff's sole member, Danny Parks, to bolster its "non ownership" argument. Defendant's reliance on the testimony is misplaced because it ignores critical, contrary evidence.

During his deposition, Mr. Parks testified on his views of event "ownership" and "ownership" of the related trademark asset. He testified at length about his longstanding relationship with the original owner and founder of the branded event, Louis Perez, and about Mr. Perez's ongoing assistance with the event. In connection with this testimony, Mr. Parks discussed a "partnership agreement" he drafted – as a layperson – which addressed ownership in a self contradictory, legally inconsistent manner.

While Defendant would have the Court believe that the testimony and agreement unambiguously demonstrate that Plaintiff Baby Bean Productions LLC does not own, the "King of New York" event and mark, Defendant can only do so by selectively quoting the testimony and ignoring the following critical passage from the agreement:

> Though *King of New York Trademark ownership is technically held by, and primary event property management is conducted by Baby Bean Productions, LLC*, this document is intended to provide proof of equal ownership and equity rights by and of both parties to the King of New York trade name and event property.

See Exhibit 1 hereto (emphasis added). In this passage, Mr. Parks recognizes that Plaintiff Baby Bean Productions, LLC, is the owner of the "King of New York" mark (i.e., "ownership is technically held by . . . Baby Bean Productions, LLC"). Defendant conveniently fails to inform the Court of this statement, just as Defendant steered well clear of questioning Mr. Parks on it during his deposition for fear of undermining Defendant's argument. Defendant knows this statement is damning to its position and so simply ignores it.

3

Together, the evidence already developed in this case does not support Defendant's contention that Plaintiff is not the owner of the "King of New York" mark, and Defendant's argument must fail for this reason.

### B. The Parties have Agreed to Add as Plaintiffs Louis Perez and Danny Parks, thereby Mooting Defendant's Position

Regardless of the trademark ownership issue, the parties have agreed to stipulate under Fed. R. Civ. P. 19 and/or 20 to add as plaintiffs both Danny Parks and Louis Perez as individuals and partners. *See* Exhibit 2 hereto. The agreement to add of these plaintiffs eliminates entirely the basis for Defendant's trademark ownership issue, as the legal trademark owner is necessarily included in the new array of plaintiffs (whether the owner is current plaintiff Baby Bean Productions LLC, as Plaintiff contends, or one of the new plaintiffs, as Defendant contends) . Therefore, even if Defendant is correct that Baby Bean Productions, LLC is not the proper owner of the "King of New York" trademark, the proper plaintiff will nonetheless be party to the action, rendering Defendant's argument moot.

For this reason as well, the Court should disregard Defendant's opposition and grant Plaintiff's motion to amend.

### II. Defendant has Admitted Quicksilver's Violation of Plaintiff's Rights - The Fact that Quicksilver Subsequently Ceased its Wrongful Acts does not Render the Cause of Action "Moot"

Defendant next essentially admits in substance that Quicksilver violated section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d), but then incredibly argues that because it has ceased its violation, the ACPA count is moot:

> the accused domain name dckingofnewyork.com has now been abandoned *by Quiksilver*, which is essentially the remedy that

> plaintiff is seeking by this claim. Accordingly, the Section 43(d) claim is moot and the motion for leave to amend the complaint to assert the Section 43(d) claim should be denied as futile.

Defendant's Opposition Brief at 7-8 (emphasis added). Such an argument defies common sense.

First, the ACPA provides a civil cause of action where a party, in a bad faith attempt to profit, *registers or uses* a domain name confusingly similar to another party's trademark:

> A person shall be liable in a civil action by the owner of a mark . . . if, without regard to the goods or services of the parties, that person (i) has a bad faith intent to profit from that mark . . . and (ii) *registers*, traffics in, *or uses a domain name* that . . . is identical or confusingly similar to that mark

15 U.S.C. § 1125(d)(1)(A) (emphasis added). The statute further provides statutory damages of up to $100,000 for violation of the ACPA:

> In a case involving a violation of section 1125(d)(1) of this title, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits, an award of statutory damages in the amount of not less than $1,000 and not more than $100,000 per domain name, as the court considers just.

15 U.S.C. § 1117(d). Thus, the statute on its face contradicts Defendant's assertion that by ceasing its use of the domain, Quicksilver has "essentially [provided] the remedy that plaintiff is seeking by this claim." Defendant's Opposition Brief at 7.

Defendant admits that the offending domain "has now been abandoned by Quicksilver," acknowledging that Quicksilver registered – and presumptively used and controlled – the domain. In light of this admission and the statutory damages available under the statute, this cause of action is anything but moot.

### III.   Quicksilver has Used the Mark Commercially

Defendant next argues that Plaintiff has failed to allege that Quicksilver used in a "commercial way" the infringing mark in connection with Quicksilver's domain – a domain that Defendant admits Quicksilver and not DC Shoes registered.  *See* Defendant's Opposition Brief at 8.  Even a cursory review of the proposed amended complaint belies this assertion.

First, the complaint clearly alleges that Quicksilver operated a website at the offending domain which commercially advertised the products and services of its wholly owned subsidiary:

> In connection with the "King of New York" event of its wholly owned subsidiary DC Shoes Inc., Defendant Quicksilver, Inc., registered the domain "dckingofnewyork.com". Upon information and belief, the website hosted at "dckingofnewyork.com" contained in part advertising and promotional content concerning Defendant DC Shoes Inc.'s products and its "King of New York" event.

Proposed Amended Complaint at ¶ 17.

The complaint further alleges that until very recently, Quicksilver's domain automatically transferred users to a different website that promoted Quicksilver's wholly owned subsidiary's products:

> Upon information and belief, for some time the website hosted at "dckingofnewyork.com" automatically redirected consumers to a website hosted at "dckingof.com".
>
> Upon information and belief, the website hosted at "dckingof.com" contained in part advertising and promotional content concerning Defendant DC Shoes Inc.'s products and its "King of New York" event and/or "King of" event series.

Proposed Amended Complaint at ¶¶ 18-19.

The complaint further alleges that as of the date of the motion to amend, the Quicksilver registered and controlled domain redirected users to another website that promoted Quicksilver's wholly owned subsidiary's products and services:

> Presently, the website hosted at "dckingofnewyork.com" automatically redirects consumers to a website hosted at "dcskateboarding.tv".
>
> The website hosted at "dcskateboarding.tv" contains in part advertising and promotional content concerning Defendant DC Shoes Inc.'s products and its "King of" event series.

Proposed Amended Complaint at ¶¶ 20-21.

Finally, the proposed complaint clearly alleges that all of the aforementioned domains are registered to Quicksilver, not DC Shoes:

> The domains "dckingofnewyork.com", "dckingof.com", and "dcskateboarding.tv" are registered to Defendant Quicksilver, Inc.

Proposed Amended Complaint at ¶ 22.

Thus, the plain language of the proposed complaint incontrovertibly refutes Defendant's argument that Plaintiff failed to allege any "commercial use" of the marks under its infringing domain. Defendant's argument in this regard is simply wrong.

## IV.    Defendant's Conclusory Allegations of Plaintiff's "Bad Faith" are Devoid of Substance

Finally, Defendant alleges that Plaintiff makes the instant motion in bad faith to "vex and harass" DC Shoes' corporate parent. As the foregoing discussion amply details, objective facts support real and substantial causes of action against Quicksilver. Whether or not "all of the relief and damages plaintiff seeks can[] be obtained against DC," as Defendant contends at page 10 of its brief, is as irrelevant as it is incorrect. Quicksilver is an affirmative infringer under the ACPA

7

and section 43(a) of the Lanham Act. It is not a mere bystander, and so it is a proper party to the action.

**V.    Conclusion**

For the foregoing reasons, and for the reasons detailed in Plaintiff's brief in support of the present motion, the Court should grant Plaintiff leave to amend and file the proposed amended complaint.

Respectfully submitted,<br>
Baby Bean Productions LLC<br>
by its attorney,<br>
<br>
_____<br>
Jeffrey Sonnabend (JS1243)<br>
SonnabendLaw<br>
600 Prospect Avenue<br>
Brooklyn, NY 11215-6012<br>
718-832-8810<br>
JSonnabend@SonnabendLaw.com<br>
<br>
Dated:  May 5, 2008