**Exhibit 1**

### King of New York Event Property Partnership Agreement

This PARTNERSHIP AGREEMENT is made on _April 12_, 2007 between Luis Perez and Daniel Parks/baby bean productions, llc.

The parties hereby agree to an event property partnership for the event property under the name of KING OF NEW YORK. The partnership shall begin on August 2005, will include all rights beginning with the creation of the event in 1995, and shall continue until terminated as herein provided.

Event property ownership is held by each individual equally. The net profits of the partnership shall be divided equally between the partners and the net losses shall be borne equally by them. If it becomes necessary for out of pocket event pre-planning expenses to be incurred, it is understood that these expenses shall be contributed by Daniel Parks and that income generated for the event will be first used to compensate Daniel Parks' prior outlay of expenses.

The partners shall have equal rights in the management of the partnership business. Without the consent of the other partner neither partner shall on behalf of the partnership purchase or contract to purchase, or sell or contract to sell any property for or of the partnership other than the type of property bought and sold in the regular course of its business. Though King of New York Trademark ownership is technically held by, and primary event property management is conducted by Baby Bean Productions, LLC, this document is intended to provide proof of equal ownership and equity rights by and of both parties to the King of New York trade name and event property.

Upon the death of either partner, the surviving partner shall have the right to purchase the interest of the decedent in the partnership. If the surviving partner elects to purchase the decedent's interest, he shall serve notice in writing of such election, within three months after the death of the decedent, upon the executor or administrator of the decedent, or, if at the time of such election no legal representative has been appointed, upon any one of the known legal heirs of the decedent at the last-known address of such heir. If the surviving partner elects to purchase the interest of the decedent in the partnership, the purchase price shall be equal to the event's market value as at the date of his death. No allowance shall be made for goodwill, trade name, patents, or other intangible assets, except as those assets have been reflected on the partnership books immediately prior to the decedent's death; but the survivor shall nevertheless be entitled to use the trade name of the partnership.

Executed this _12th_ day of _April_, 2007 in _Stroudsburg_ [city], _Pennsylvania_ [state].

_/s/ Luis Perez_
Luis Perez

_/s/ Daniel Parks_
Daniel Parks

CONFIDENTIAL                                                                          P000002

# Exhibit 2

# SONNABENDLAW

**Jeffrey Sonnabend**  
Attorney at Law

600 Prospect Avenue  
Brooklyn, NY 11215  
718.832.8810  
JSonnabend@SonnabendLaw.com

May 2, 2008

<u>Via Email</u>

Mr. Adam M. Cohen  
Kane Kessler, P.C.  
1350 Avenue of the Americas  
New York, NY 10019

      Re:    Baby Bean Productions, LLC v. DC Shoes, Inc. 07-cv-03616

Dear Adam:

      We spoke at length yesterday about the stipulated protective order in the above referenced case. During our conversation, we discussed Defendant's desire for a "two tiered" designation scheme under the stipulated protective order. I indicated to you that Plaintiff would agree to such a scheme, provided that Defendant treated all documents previously produced by Plaintiff which have been marked "confidential" as "highly confidential" under the proposed stipulated protective order.

      I also understand from our conversation of yesterday that you believe some "confidential" documents produced by Plaintiff may have been shown to non-attorney individuals within Defendant's organization. This is, of course, of great concern to Plaintiff.

      Before Plaintiff will execute the proposed stipulated protective order, please:

1. Confirm that Defendant agrees to treat as "highly confidential" under the stipulated protective order all documents previously produced by Plaintiff which have been marked "confidential"; and

2. Provide identities of any non-attorney individuals within Defendant's organization who have been shown any of Plaintiff's "confidential" documents, including the identity of the documents shown to these individuals.

      I trust you will agree the foregoing requests are reasonable and will not object to them.

Mr. Adam M. Cohen
May 2, 2008
page 2

      Finally, during our conversation we discussed adding by stipulation Danny Parks and Louis Perez as additional plaintiffs. Please confirm that Plaintiff will agree to this proposal.

                                Sincerely,

                                Jeffrey Sonnabend

THOMAS A. KANE (1928-1977)
SIDNEY S. KESSLER (1938-1986)

DARREN S. BERGER†
ADAM M. COHEN
STEVEN E. COHEN
JEFFREY H. DAICHMAN
ERIC P. GONCHAR
ARIS HAIGIAN
MITCHELL D. HOLLANDER†
S. REID KAHN**
ROBERT L. LAWRENCE
RONALD L. NURNBERG*
ARTHUR M. ROSENBERG†
DAVID R. ROTHFELD
JUDITH A. STOLL
DANA M. SUSMAN†
JEFFREY S. TULLMAN

JOSEPH NURNBERG (RETIRED)

ALSO ADMITTED
FLA. BAR*
N.J. BAR†
N.J. AND D.C. BAR**

## KANE KESSLER, P.C.

1350 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-4896
(212) 541-6222
FAX: (212) 245-3009
WWW.KANEKESSLER.COM

NEW JERSEY OFFICE
CONTINENTAL PLAZA
433 HACKENSACK AVENUE
HACKENSACK, N.J. 07601-6319
(201) 487-2828
FAX: (201) 487-3776

WRITER'S DIRECT NUMBER

(212) 519-5146
acohen@kanekessler.com

STEPHEN STEINBRECHER
SENIOR COUNSEL

PETER R. HERMAN
ROBERT KOLODNEY
ROBERT L. SACKS
BRUCE M. SCHLOSS
PAUL E. SZABO∞
COUNSEL

MICHAEL A. ZIMMERMAN
OF COUNSEL

GARY E. CONSTABLE†
LAUREN M.K. DAYTON
PIERRE E. DEBBAS
NIKI J. FRANZITTA
ARI M. GAMSS
BRENDAN P. McFEELY
ETHAN O. NOTKIN
GARY E. OSTROFF
GILLIAN OVERLAND†
TORAL PATEL
MICHAEL J. ROMER
ADAM E. SCHWARTZ†
LOIS M. TRAUB
JOSEPH J. VENTIMIGLIA
JONATHAN A. ZALKIN

ADMITTED ONLY IN OHIO∞

May 5, 2008

**Via Email and First Class Mail**

Jeffrey Sonnabend, Esq.
Sonnabend Law
600 Prospect Avenue
Brooklyn, NY 11215-6012

Re: Baby Bean Productions, LLC adv. DC Shoes Inc.
07-CV-03616 (S.D.N.Y.)

Dear Jeffrey:

      I have confirmed with our client that no documents produced by plaintiff in this litigation have been circulated to any non-lawyers. For the record, there was never any agreement to treat as "highly confidential attorneys eyes only" all documents produced by plaintiff. Your "Confidential" designation certainly does not necessarily mean "highly confidential attorneys eyes only". Nonetheless, although we do not believe that all documents produced by plaintiff to date are "highly confidential" and reserve the right to challenge such designation with respect to particular documents, as a courtesy to you we are willing to deem, as of today, all documents produced by plaintiff thus far as designated "highly confidential for attorneys only" under the terms of the Stipulation and Protective Order (the "Protective Order"). With respect to such documents, we will treat all such documents as highly confidential attorneys eyes only under the Protective Order unless and until we come to further mutual agreement to the contrary and/or we challenge such designation pursuant to the procedures set forth in the Protective Order.

      It is our understanding that you will now sign the Protective Order and return it to us.

288277.1

KANE KESSLER, P.C.

Jeffrey Sonnabend, Esq.
March 5, 2008
Page 2

      Defendant will consent to joining Danny Parks and Louis Perez individually as additional plaintiffs in this action. For the sake of accuracy, we suggest you name as party plaintiffs Danny Parks and Louis Perez individually and on behalf of the partnership they have formed.

                                         Sincerely,

                                         Adam M. Cohen

AMC/ja

cc:    DC Shoes, Inc.

284139.1