Adam M. Cohen, Esq. (AMC-9918)
Lauren M. Dayton, Esq. (LMD-9291)
**KANE KESSLER, P.C.**
1350 Avenue of the Americas
New York, New York 10019
(212) 541-6222
*Attorneys for Defendants DC Shoes, Inc. and Quiksilver, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x

BABY BEAN PRODUCTIONS LLC,

    Plaintiff,

v.

DC SHOES INC. and QUIKSILVER, INC.,

    Defendants.

-------------------------------------------------------x

07-CV-3616 (MGC)

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants DC Shoes, Inc. ("DC Shoes") and Quiksilver, Inc., sued herein as Quicksilver, Inc. ("Quiksilver") (collectively the "Defendants"), by their attorneys Kane Kessler, P.C., as and for their Answer and Affirmative Defenses to the Second Amended Complaint ("Complaint") of Plaintiff Baby Bean Productions, LLC ("Baby Bean" or "Plaintiff"), allege as follows:

**The Parties**

1.    Defendants admit, upon information and belief, the allegations contained in paragraph 1 of the Complaint.

2.    Defendants admit the allegations contained in paragraph 2 of the Complaint.

291059.1

Case 1:07-cv-03616-MGC   Document 20   Filed 06/12/2008   Page 2 of 6

3. Defendants admit the allegations contained in paragraph 3 of the Complaint concerning the state of formation and business address and aver that the correct spelling of Defendant's name is "Quiksilver".

4. With respect to the allegations in paragraph 4 of the Complaint, Defendants admit that Quiksilver owns all of the outstanding equity securities of DC Shoes and otherwise deny the allegations contained in paragraph 4 of the Complaint.

## Nature of Action

5. With respect to paragraph 5 of the Complaint, Defendants admit that Plaintiff purports to bring this action in part under Section 43(a) of the Lanham Act and otherwise deny the allegations contained in paragraph 5 of the Complaint.

6. With respect to paragraph 6 of the Complaint, Defendants admit that Plaintiff purports to bring this action in part under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), and otherwise deny the allegations contained in paragraph 6 of the Complaint.

## Jurisdiction and Venue

7. Defendant avers that paragraph 7 of the Complaint contains legal conclusions to which no response is required.

8. Defendant avers that paragraph 8 of the Complaint contains legal conclusions to which no response is required.

## Facts

9. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Defendants deny the allegations contained in paragraph 10 of the Complaint.

11. Defendants deny the allegations contained in paragraph 11 of the Complaint.

2

12. Defendants deny the allegations contained in paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in paragraph 24 of the Complaint.

### First Count
### Trademark Infringement – Defendant DC Shoes Inc.

25. Defendants repeat and re-allege their responses to the allegations set forth in paragraphs 1 through 24 of the Complaint as if more fully set forth herein at length.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint.

### Second Count
### Trademark Infringement – Defendant Quiksilver, Inc.

29. With respect to paragraph 29, Defendants repeat and re-allege their responses to the allegations set forth in paragraphs 1 through 24 of the Complaint as if more fully set forth herein at length.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

**Third Count**
**Violation of the Anticybersquatting Consumer Protection Act**
**15 U.S.C. § 1125(d)**

33. With respect to paragraph 33, Defendants repeat and re-allege their responses to the allegations set forth in paragraphs 1 through 24 of the Complaint as if more fully set forth herein at length.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in paragraph 35 of the Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

36. Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

37. Plaintiff's claims are barred by the doctrines of laches, waiver, acquiescence and estoppel.

## THIRD AFFIRMATIVE DEFENSE

38. Plaintiff has no federal trademark rights to assert inasmuch as Plaintiff's use of the "King of New York" mark, if any, does not affect the type of commerce which may be lawfully regulated by Congress.

## FOURTH AFFIRMATIVE DEFENSE

39. At all times referred to herein, Defendants did not willfully perform any act whatsoever constituting a violation of any rights of Plaintiff and at all times acted in good faith.

## FIFTH AFFIRMATIVE DEFENSE

40. There is no likelihood of confusion between Plaintiff's alleged "King of New York" designation and any trademark used by Defendants.

## SIXTH AFFIRMATIVE DEFENSE

41. Plaintiff has no trademark rights to assert since its alleged trademark is descriptive and/or not capable of distinguishing the services of Plaintiff and has not achieved secondary meaning.

## SEVENTH AFFIRMATIVE DEFENSE

42. Plaintiff's claims are barred because Defendants have priority of use with respect to the accused designation.

## EIGHTH AFFIRMATIVE DEFENSE

43. Plaintiff's claims are moot.

## NINTH AFFIRMATIVE DEFENSE

44. Plaintiff has failed to join an indispensable party pursuant to Federal Rules of Civil Procedure 19(a).

## **TENTH AFFIRMATIVE DEFENSE**

45.     Plaintiff lacks standing to assert the claims in the Complaint.

**WHEREFORE**, Defendants demand judgment against Plaintiff as follows:

(a)     That the Second Amended Complaint be dismissed with prejudice;

(b)     On all causes of action, the costs and disbursements of this action, including reasonable attorney's fees, together with such other, further and different relief as to the Court seems just and proper.

Dated: New York, New York
       June 11, 2008

                                    KANE KESSLER, P.C.

                                    By: _____
                                    Adam M. Cohen (AMC-9918)
                                    Lauren M. Dayton (LMD-9291)
                                    1350 Avenue of the Americas
                                    New York, New York 10019
                                    (212) 541-6222

                                    *Attorneys for Defendants DC Shoes, Inc.
                                    and Quiksilver, Inc.*