UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
Baby Bean Productions LLC,

    Plaintiff,

                      v.

DC Shoes Inc. and Quicksilver, Inc.,

    Defendants.
------------------------------------------------------------x

07-CV-3616 (MGC)

MOTION TO DISMISS COUNTERCLAIMS UNDER FED. R. CIV. P. 12(b)(2), (5) and (6) AND FOR SANCTIONS

Upon the present papers, Plaintiff Baby Bean Productions LLC and Counterclaim Defendants Danny Parks, Louis Perez and the Partnership of Danny Parks and Louis Perez[1] (collectively the "Counterclaim Defendants") move the Court to dismiss DC Shoes Inc.'s and Quicksilver, Inc.'s (collectively, the "Counterclaim Plaintiffs") counterclaims as to all Counterclaim Defendants pursuant to Fed. R. Civ. P. 12(b)(2), (5) and (6).

---

[1] As detailed further below, Mr. Parks and Mr. Perez deny the existence of any legal entity in the form of a partnership or otherwise between them.

**TABLE OF CONTENTS**

SUMMARY OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    I.       The Counterclaims Must be Dismissed as to Mr. Perez for Lack of
            Personal Jurisdiction under Fed. R. Civ. P. 12(b)(2). . . . . . . . . . . . . . . . . . . . . . . 3

    II.      The Counterclaims Must be Dismissed for Insufficient Service of Process
            under Fed. R. Civ. P. 12(b)(5). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    III.     The Counterclaims Must be Dismissed as to All Counterclaim Defendants
            under Fed. R. Civ. P. 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

            A.       The Counterclaim for "Defamation Per Se" Should
                    be Dismissed as to Individuals Danny Parks and
                    Louis Perez, and the "Partnership" of the Two
                    Individuals. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

            B.       The Counterclaim for "Defamation Per Se" Should
                    be Dismissed as to all Counterclaim Defendants
                    because the Claim is Fatally Flawed Substantively. . . . . . . . . . . . . 8

            C.       The Counterclaim for "Vicarious Liability" Should
                    be Dismissed as to Individuals Danny Parks, Louis
                    Perez and the "Partnership" of the Two Individuals. . . . . . . . . . . 10

    IV.     Sanctions are Appropriate in the Present Case. . . . . . . . . . . . . . . . . . . . . . . . . . 12

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# TABLE OF AUTHORITIES

**Cases**

*Bensusan Restaurant Corp. v. King*, 126 F.3d 25 (2d Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Bey v. Welsbach Elect. Co.*, 2001 WL 863419 (S.D.N.Y., July 30, 2001). . . . . . . . . . . . . . . . . . 7

*Bucklew v. Hawkins, Ash, Baptie & Co., LLP.*, 329 F.3d 923 (7th Cir. 2003). . . . . . . . . . . . . . . 9

*Burda Media, Inc. v. Viertel*, 417 F.3d 292 (2d Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Christ Gatzonis Elec. Contractor, Inc. v. New York City School Const. Authority*, 23 F.3d
       636 (2d Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*ell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.*, 314 F.3d 48 (2d. Cir. 2002). . . . . . . . 8

*Gebhardt v. Allspect, Inc.*, 96 F. Supp. 2d 331 (S.D.N.Y. 2000).. . . . . . . . . . . . . . . . . . . . . . . . . 7

*Girl Scouts of U.S. v. Steir* 102 Fed. Appx. 217, 2004 WL 1406307 (2d Cir. June 24,
       2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Halberstam v. Welch*, 705 F.2d 472 (D.C.Cir.1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Khulumani v. Barclay Nat. Bank Ltd.*, 504 F.3d 254 (2d Cir. 2007). . . . . . . . . . . . . . . . . . . . . 10

*Law Offices of Curtis v. Trinko, L.L.P., v. Bell Atl. Corp.*, 309 F.3d 71 (2d Cir. 2002). . . . . . . . 7

*M & M Packaging, Inc. v. Kole*, 183 Fed. Appx. 112, 2006 WL 1527162 (2d Cir. June 1,
       2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Mende v. Milestone Technology, Inc.*, 269 F.Supp.2d 246 (S.D.N.Y. 2003). . . . . . . . . . . . . . . . 6

*Schlaifer Nance & Co., Inc. v. The Estate of Andy Warhol*, 194 F.3d 323 (2d Cir. 1999). . . . . 12

**Statutes and Rules**

28 U.S.C. § 1927. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

C.P.L.R. § 302. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

Fed. R. Civ. P. 11. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Fed. R. Civ. P. 12(b)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

Fed. R. Civ. P. 12(b)(5). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Fed. R. Civ. P. 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 10

## SUMMARY OF FACTS

Plaintiff Baby Bean Productions LLC is the owner of the mark "King of New York" as used in connection with sports and "lifestyle" events and competitions conducted in New York City. Plaintiff Baby Bean Productions LLC and its predecessor in title has used the mark "King of New York" since approximately June 17, 1995. The United States Trademark Office has accepted Plaintiff Baby Bean Productions LLC's trademark application for "King of New York."

Plaintiff Baby Bean Productions LLC's "King of New York" event is targeted at participants and fans of so-called "extreme sports". Extreme sports include, among other events: (1) bicycle motocross ("BMX") freestyle, in which participants perform stunts on BMX bicycles on a course comprising various ramps, jumps and other obstacles; and (2) skateboarding, in which participants perform stunts on the very same types of courses as those used in BMX freestyle. These courses are sometimes referred to as "street courses" or "park courses".

Defendant DC Shoes admits to using the mark "King of New York" in September, 2006 for extreme sports skateboard events in which participants performed skateboard stunts on various street courses in New York City. *See Defendants' Amended Answer and Counterclaims* at 9 (ECF Document # 21, July 1, 2008). Defendant DC Shoes' "King of New York" event took place in all five boroughs of New York City over a one month time period. *Id.* The self-admitted purpose of the event was promotional: Defendant DC Shoes intended to publicize its products and its "new Soho store." *Id.* Consequently, Defendant DC Shoes' use of the mark "King of New York" was not subdued nor de minimus – it was part of a publicity and marketing campaign of "a recognized world leader engaged in, among other things, the manufacture, marketing, sale and promotion of shoes, apparel and athletic related products." *Id.*

While Defendant DC Shoes has openly and repeatedly admitted its use of Plaintiff Baby Bean Productions LLC's "King of New York" mark, Defendant DC Shoes has refused to accept any responsibility for any harm caused by its infringement.  Indeed, Defendant DC Shoes has refused to so much as recognize Plaintiff Baby Bean Productions LLC's trademark rights.  Instead, Defendant DC Shoes has taken the frivolous – and truly remarkable – position that because Defendant DC Shoes verbally "promised" not to conduct another "King of New York" event, its past infringement is excused and the present case is "moot":

> DC is not now using "King of New York" and has not conducted an event with "King of New York" as part of the name since September 2006, well prior to the initiation of this lawsuit. The actions about which plaintiff is complaining have therefore ceased and this case is for all intents and purposes moot. Nonetheless, for reasons we cannot fathom, plaintiff continues to press this lawsuit . . .

*Defendant's Opposition to Plaintiff's Motion to Amend* at 1-2 (ECF Document # 14, April 30, 2008).

In a nutshell, Defendant DC Shoes' position has been: we are a "world leader" with a "famous brand", and so we can violate your trademark rights with impunity.  It is with this hubris that Defendant DC Shoes and its parent company, Defendant Quicksilver Inc., now seek *six million dollars in damages* against the individuals Danny Parks and Louis Perez (and some phantom "partnership" between them) for a press release/email issued by Plaintiff Baby Bean Productions LLC.

The press release/email, reproduced as Exhibit B to *Defendants' Amended Answer and Counterclaims*, is signed by Danny Parks for Baby Bean Productions LLC.  Neither Danny Parks (in his individual capacity), nor Louis Perez (in any capacity) had any connection whatsoever

with the press release. No "partnership" of Mr. Parks and Mr. Perez was involved in the press release/email. Despite these plain facts, Defendant DC Shoes alleges:

> Counterclaim Defendant Danny Parks, individually, on behalf of Baby Bean, the Partnership of which Louis Perez is a partner and Louis Perez individually, widely distributed to numerous recipients written emails entitled "The Truth about DC Shoes and the King of New York" (the "March 5th Email").

*Defendants' Amended Answer and Counterclaims* at 11. The purpose underlying Defendant DC Shoes' recklessly false allegations are clear: DC Shoes and its parent, co-defendant Quicksilver, are punishing Mr. Parks and Mr. Perez for Plaintiff Baby Bean Productions LLC's enforcement of its trademark rights.

## ARGUMENT

The counterclaims must be dismissed because Counterclaim Plaintiffs: (1) have failed to demonstrate personal jurisdiction over Louis Perez and the purported partnership; (2) have not served process on Danny Parks, Louis Perez or the purported partnership; and (3) have failed to state a claim against any of the Counterclaim Defendants upon which relief may be granted.

Not only are the Counterclaim Plaintiffs' claims fatally flawed, requiring their dismissal, but the Counterclaim Plaintiffs have brought the counter claims in bad faith and for the purposes of punishing all those they perceive to be involved with Plaintiff Baby Bean Production LLC and to bully Plaintiff Baby Bean Productions LLC into submission. Counsel for Defendants/ Counterclaim Plaintiffs has acted vexatiously, and its conduct is sanctionable under 28 U.S.C. § 1927.

I.    **The Counterclaims Must be Dismissed as to Mr. Perez for Lack of Personal Jurisdiction under Fed. R. Civ. P. 12(b)(2)**

In order to exercise personal jurisdiction over non-domiciliaries for actions committed outside the state, a plaintiff (or in this case, a counter plaintiff) must demonstrate that personal jurisdiction over the non-domiciliaries is proper. *See, e.g., M & M Packaging, Inc. v. Kole*, 183 Fed. Appx. 112, 114, 2006 WL 1527162 at * 1 (2d Cir. June 1, 2006); *Girl Scouts of U.S. v. Steir* 102 Fed. Appx. 217, 219, 2004 WL 1406307 at *2 (2d Cir. June 24, 2004); *Bensusan Restaurant Corp. v. King*, 126 F.3d 25, 26 (2d Cir. 1997). Personal jurisdiction is proper in New York only if the requirements of C.P.L.R. § 302 are satisfied. *Id.*

C.P.L.R. § 302 (a) provides four bases for exercising personal jurisdiction based on the actions of non-domiciliaries:

> a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
>
> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
>
> 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>
> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>
> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
>
> 4. owns, uses or possesses any real property situated within the state.

C.P.L.R. § 302(a); and see *id*.

In the present case, Counterclaim Plaintiffs allege that Mr. Perez lives in Pennsylvania. *See, Defendants' Amended Answer and Counterclaims* at 8. Counterclaim Plaintiffs do not provide any recitation of the basis for personal jurisdiction over Mr. Perez, and they cannot.

First, Mr. Perez does not "transact" business in the state, only Plaintiff Baby Bean Productions LLC does, and so C.P.L.R. § 302(a)(1) is unavailable to Counterclaim Plaintiffs.

Second, because C.P.L.R. § 302(a)(2) requires an injury within the state, which Counterclaim Plaintiffs do not allege, and further because the subsection does not apply to "defamation" claims, the subsection is not available to Counterclaim Plaintiffs. Likewise, subsection (a)(3) is of no avail because it, too, does not apply to "defamation" claims. Subsection (a)(3) is also of no avail because it applies only where the defendant "regularly does business," "engages in persistent course of conduct," or "derives substantial revenue," from contacts with the state or otherwise "derives substantial revenue from interstate commerce." Louis Perez satisfies none of these requisites, and Counterclaim Plaintiffs don't allege that hee does.

Finally, subsection (4) is inapplicable because Mr. Perez owns no real property in New York, as required by the subsection, and Counterclaim Plaintiffs do not allege as much.[2]

Personal jurisdiction therefore fails, and the counterclaims must be dismissed as to Mr. Perez and the "partnership" under Fed. R. Civ. P. 12(b)(2).

---

[2] To the extent that a legal entity in the form of a partnership exists between Mr. Parks and Mr. Perez, personal jurisdiction over it would be improper for the same reason personal jurisdiction is not proper over Mr. Perez.

**II.     The Counterclaims Must be Dismissed for Insufficient Service of Process under Fed. R. Civ. P. 12(b)(5)**

As with Fed. R. Civ. P. 12(b)(2), once a defendant (or counter defendant, in this case) makes a motion to dismiss under Fed. R. Civ. P. 12(b)(5), the plaintiff (or counter plaintiff, in this case) has the burden of demonstrating that process was properly served. *See Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005); *Mende v. Milestone Technology, Inc.*, 269 F.Supp.2d 246, 251 (S.D.N.Y. 2003). In the absence of proper service of process, the case must be dismissed pursuant to Fed. R. Civ. P. 12(b)(5).

In the present case, the Counterclaim Plaintiffs do not allege that the Counterclaim Defendants have been served with process. Instead, they allege by way of footnote that they are

> proceeding in accordance with the Stipulation of the parties and treating Perez, Parks and the Partnership as party plaintiffs

*Defendants' Amended Answer and Counterclaims* at 1, footnote 1. The Counterclaim Defendants do so despite the fact that the Court refused to enter the parties stipulation that sought to add Mr. Parks and Mr. Perez as plaintiffs.[3]

As the case currently stands, neither Mr. Parks nor Mr. Perez – and certainly not the non-existent partnership between them – are parties to the action, and the Counterclaim Plaintiffs have not served any of them with process. Consequently, the counterclaims must be dismissed as to Mr. Parks, Mr. Perez and the "partnership" pursuant to Fed. R. Civ. P. 12(b)(5).

**III.    The Counterclaims Must be Dismissed as to All Counterclaim Defendants under Fed. R. Civ. P. 12(b)(6)**

---

[3] Again, the fact that Defendants are effectively ignoring the Court's order and proceeding under their own "rules" demonstrates Defendants' incredible hubris – for some reason, both Defendants believe the Court's orders, like the law of trademark infringement, simply do not apply to them.

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007); *Christ Gatzonis Elec. Contractor, Inc. v. New York City School Const. Authority*, 23 F.3d 636 (2d Cir. 1994); *Bey v. Welsbach Elect. Co.*, 2001 WL 863419 at *2 (S.D.N.Y., July 30, 2001); *aff'd*, 68 Fed. Appx. 690, 2002 WL 1467736 (2d Cir. 2002). Although in deciding a motion to dismiss the Court must accept as true the factual allegations of a well-pleaded complaint, to avoid dismissal the nonmoving party must allege facts upon which a claim may be sustained and do more than plead "conclusory allegations or legal conclusions masquerading as factual conclusions." *Gebhardt v. Allspect, Inc.*, 96 F. Supp. 2d 331, 333 (S.D.N.Y. 2000); *Law Offices of Curtis v. Trinko, L.L.P., v. Bell Atl. Corp.*, 309 F.3d 71, 74 (2d Cir. 2002) ("Bald assertions and conclusions of law will not suffice.").

### A. The Counterclaim for "Defamation Per Se" Should be Dismissed as to Individuals Danny Parks and Louis Perez, and the "Partnership" of the Two Individuals

In the present case, the first counterclaim is for "defamation per se" as to Danny Parks and Louis Perez, as well as the illusory "partnership" of the two. The Counterclaim Plaintiffs rest this counterclaim on the single, conclusory allegation that Mr. Parks, when writing the press release/email for signature by "Baby Bean Productions LLC", was doing so on behalf of himself personally, Mr. Perez and the "partnership" of the two of them:

> In composing and promulgating the March 5th Email, Counterclaim Defendant Danny Parks was acting individually and on behalf of Counterclaim Defendants Baby Bean, the Partnership and each of the partners in the Partnership, including without limitation, Louis Perez.

7

*Defendants' Amended Answer and Counterclaims* at 14.

Missing from the Amended Answer and Counterclaims, however, is any factual support for the allegation beyond the self-serving, conclusory language cited above. What is more, the only objective evidence contained in the Amended Answer and Counterclaims are copies of the press release/email itself, *which is signed by "Danny Parks Baby Bean Productions"*. The objective facts – submitted by the Counterclaim Plaintiffs themselves – supports one conclusion and one conclusion only, namely, that Danny Parks wrote the press release/email on behalf of Plaintiff Baby Bean Productions LLC.[4]

For these reasons, the first counterclaim, for "Defamation Per Se," should be dismissed as to individuals Danny Parks, Louis Perez and the "partnership" of the two individuals

### B. The Counterclaim for "Defamation Per Se" Should be Dismissed as to all Counterclaim Defendants because the Claim is Fatally Flawed Substantively

Under New York law, false statements attacking the integrity or credit of a business constitute defamation per se. *Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.*, 314 F.3d 48, 59 (2d. Cir. 2002). A necessary element of the tort of defamation per se is *falsity* of the accused statements. *Id.* Absent falsity, a cause of action for defamation per se cannot survive.

In the present case, the Counterclaim Plaintiffs have accused all of the Counterclaim Defendants of making statements that "insulted, disparaged, criticized, and/or scorned the hard earned positive reputation of Counterclaim Plaintiff DC." *Defendants' Amended Answer and*

---

[4] In their second cause of action, the Counterclaim Plaintiff's allege, apparently in the alternative to allegations cited above in the first cause of action, that Danny Parks "was acting in his official capacity and within the scope of employment as a member of Baby Bean in representing the intentions, interests and business of Baby Bean" when he sent the press release/email. This allegation is supported by objective evidence, but not the present allegation.

*Counterclaims* at 15.  These allegations of "insult", "criticism" and "scorn" are legally meaningless, and the remaining allegation of "disparagement" is merely conclusory and devoid of substance.  These allegations cannot therefore support a cause of action of defamation per se.

Similarly, the Counterclaim Plaintiffs accuse the Counterclaim Defendants of making the following statements:

> [#1] Not long ago, baby bean invited clothing and sneaker giant DC Shoes to join the King of New York event family of sponsors.
>
> [#2] it hit us like a ton of bricks when we learned that DC Shoes had stolen the "King of New York" name and concept for its own event. Adding insult to injury, DC Shoes suggested that the "King of New York" event was its own creation."
>
> [#3] So baby bean asked DC Shoes to recognize our rights to the "King of New York" event name and not to use the name "King of New York" for events in the future. DC Shoes refused.
>
> [#4] If you'd like to help, or you just want to express what you think, let us know at dcbullshit@hotmail.com. Pass this email along and spread the truth. If you want to call DC Shoes or Quicksilver [sic.] yourself, go right ahead. Phone numbers are 760-599-2999 for DC and 714-889-2200 for Quicksilver [sic.]. Thanks for listening.

*Defendants' Amended Answer and Counterclaims* at 11.  Taken individually and collectively, these statements amount to nothing of any legal consequence, and certainly don't amount to defamation per se.

Statement 1, if false, does not disparage or defame DC Shoes, so it cannot form the basis of an action for defamation.  Statement 2 simply restates colloquially Plaintiff Baby Bean Production LLC's infringement cause of action.  *See, e.g., Bucklew v. Hawkins, Ash, Baptie & Co., LLP.*, 329 F.3d 923, 931 (7th Cir. 2003) (comparing infringement of intellectual property

9

rights with stealing). The third statement is, quite simply, true: Plaintiff Baby Bean Productions LLC has repeatedly asked DC Shoes to acknowledge Plaintiff's rights in and the validity of the mark "King of New York," to which DC Shoes has steadfastly refused. Finally, claim 4 makes no factual statement whatsoever other than providing telephone numbers, which, even if false, could not be disparaging.

Thus, taken in the light most favorable to the Counterclaim Plaintiffs, Counterclaim Plaintiffs haven't even begun to allege facts sufficient to support a claim of defamation per se. Facts to support the defamation per se cause of action are not pleaded, and the cause of action must be dismissed under Fed. R. Civ. P. 12(b)(6).

> C.  **The Counterclaim for "Vicarious Liability" Should be Dismissed as to Individuals Danny Parks, Louis Perez and the "Partnership" of the Two Individuals**

Finally, the Counterclaim Plaintiffs present a cause of action for "vicarious liability". Vicarious liability is not a cause of action unto itself, however, but merely a means for assigning responsibility to joint tortfeasors for "concerted action":

> Prosser notes that "[t]he original meaning of 'joint tort' was that of vicarious liability for concerted action. All persons who acted in concert to commit a trespass, in pursuance of a common design, were held liable for the entire result." W. Prosser, Law of Torts § 46, at 291 (4th ed.1971). His illustration portrays a standard situation that involved this "joint tort": combined action by tortfeasors on the scene together-"one might have battered the plaintiff, while another imprisoned him, and a third stole his silver buttons." Id. (footnote omitted). Each was responsible for the others' actions.

*Khulumani v. Barclay Nat. Bank Ltd.*, 504 F.3d 254, 329 (2d Cir. 2007) (quoting *Halberstam v. Welch*, 705 F.2d 472 (D.C.Cir.1983)).

Thus, when properly analyzed, the second cause of action is nothing more than a restatement of the first cause of action, namely, for defamation per se. Absent an underlying tort – in this case defamation – there can be no "vicarious liability", and the purported cause of action disappears in a whiff of smoke.

Where the "vicarious liability" cause of action differs is the allegations of "who did what"; that is, in the vicarious liability cause of action, Baby Bean Productions LLC is properly identified as the acting party, i.e., the party who made the statements at issue:

> Counterclaim Defendant Danny Parks is a member of Baby Bean, and at all relevant times, including on March 5, 2008 when composing, sending, and promulgating the March 5th Email, *was acting in his official capacity and within the scope of employment as a member of Baby Bean in representing the intentions, interests and business of Baby Bean*.

*Defendants' Amended Answer and Counterclaims* at 17 (emphasis added).

Conspicuously absent from the allegations, however, are any substantive statements of how Danny Parks and Louis Perez, and the "partnership" of them "acted in concert" with Baby Bean Productions LLC when it made the statements that the Counterclaim Plaintiffs themselves recognize were not made by any individual or "partnership". In fact, the entirety of the allegations on the vicarious liability is as follows:

> Counterclaim Defendants Baby Bean, Parks, Perez and the Partnership are vicariously liable for the tortious acts and omissions of each other, including but not limited to, the composing, sending, and promulgating of the March 5th Email defaming and intentionally causing harm to Counterclaim Plaintiff DC.

*Defendants' Amended Answer and Counterclaims* at 17. It is difficult to imagine a more conclusory, less substantive allegation than this.

11

Ultimately, the claim for "vicarious liability" must be dismissed for the same two reason the claim for the underlying tort. First, the Counterclaim Defendants have not alleged substantive facts supporting the contention that the individuals Danny Parks and Louis Perez, or the "partnership" of them, made any statements whatsoever, no less defamatory ones. This is true both directly and "vicariously". Second, the defamation cause of action fails to allege sufficient substantive facts to support the claim against *any* party, whether it be the individuals, the "partnership" or Baby Bean Productions LLC.

## IV.    Sanctions are Appropriate in the Present Case

Sanctions are appropriate under 28 U.S.C. § 1927 when an attorney, acting in bad faith, "so multiplies the proceedings in any case unreasonably and vexatiously." Under this standard, where a claim: (1) is brought having no colorable basis, and (2) is motivated "by improper purposes such as harassment or delay," the Court may sanction the offending attorney. *Schlaifer Nance & Co., Inc. v. The Estate of Andy Warhol*, 194 F.3d 323, 336 (2d Cir. 1999). This is precisely what has transpired in the present case.

As detailed above, the defamation causes of action against the individuals are utterly without colorable basis. What is more, the two baseless causes of action – one of which is not even a cause of action in and of itself – are coupled to a total of six million dollars of alleged damages. These arbitrary damage figures, like the causes of action from which they spring, are undoubtedly "motivated by improper purposes": they are designed to strike fear into the Counterclaim Defendants, punish them for daring to "stand up to" a corporate giant, and substantially inflate Plaintiff's legal expenses.

Compounding matters is Counterclaim Plaintiffs' disregard for Fed. R. Civ. P. 11. Counterclaim Plaintiffs have fabricated critical facts (or at least made statements of fact with utter disregard for their truth or falsity) simply to support their counterclaims against the individuals. Specifically, they have alleged that:

> Counterclaim Defendant Danny Parks, *individually*, *on behalf of . . . the Partnership of which Louis Perez is a partner and Louis Perez individually*, widely distributed to numerous recipients written emails entitled "The Truth about DC Shoes and the King of New York" (the "March 5th Email").

*Defendants' Amended Answer and Counterclaims* at 11 (emphasis added). This allegation, which is not made "upon information and belief" but stated as a known fact, goes to the very core of Defendants' bad faith. Without this allegation, the Counterclaim Plaintiffs cannot bring the defamation or "vicarious liability" causes of action against the individuals, and the harassing, coercive, punishing effect of the counterclaims would be lost.

Sadly, Defendants have taken the position that the ordinary rules of conduct do not apply to them because they are a "world leader" with a "famous brand", and not a party of modest means such as Plaintiff Baby Bean Productions LLC. Defendants have thumbed their noses at the rules of discovery (unilaterally imposing conditions on discovery because they were unhappy with the state of the protective order), have ignored the Court's rulings (treating Danny Parks and Louis Perez as parties despite the Court's refusal to add them to the case), and have stood before the Court arguing that the case was "moot" and should be dismissed because they promised not to infringe Plaintiff's trademarks again (despite admitting to prior infringement).

This "steamroller" mentality, where a party equates deep pockets with a license to act and litigate vexatiously, must be stopped, and only sanctions can achieve this end.

13

## CONCLUSION

For the foregoing reasons, the counterclaims must be dismissed in their entirety.

Additionally, Defendants' actions are of sufficiently bad faith as to warrant sanctions.

    Respectfully submitted,
    Baby Bean Productions LLC
    by its attorney,

    _____
    Jeffrey Sonnabend (JS1243)
    SonnabendLaw
    600 Prospect Avenue
    Brooklyn, NY 11215-6012
    718-832-8810
    JSonnabend@SonnabendLaw.com

    Dated: July 21, 2008