UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
BABY BEAN PRODUCTIONS LLC,

    Plaintiffs,

    v.

DC SHOES, INC. AND QUIKSILVER, INC.,

    Defendants.

-------------------------------------------------------x

07-CV-3616 (MGC)

DECLARATION OF
LAUREN M. DAYTON, ESQ.

    **LAUREN M. DAYTON**, an attorney admitted to practice before the United States District Court for the Southern District of New York and the courts of New York State, affirms the following to be true under penalties of perjury:

    1.    I am associated with the firm of Kane Kessler, P.C., attorneys for the Defendants DC Shoes, Inc. ("DC") and Quiksilver, Inc. ("Quiksilver") in the above action. All of the statements in this Declaration are within my personal knowledge unless stated otherwise.

    2.    I submit this declaration in support of Defendants' Memorandum of Law in Opposition to the Motion to Dismiss Counterclaims Under Fed. R. Civ. Proc. 12(b)(2), (5) and (6) and for Sanctions, filed on July 21, 2008 ("Motion to Dismiss") by Plaintiffs' Baby Bean Productions, LLC ("Baby Bean") and Counterclaim Defendants Danny Parks ("Parks"), Louis Perez ("Perez") and the partnership consisting of Parks and Perez (the "Partnership).

    3.    Attached as **Exhibit A** is a true and correct copy of the Defendants' Amended Answer, Affirmative Defenses and Counterclaims, electronically filed with the Court on July 1, 2008.

4. I am advised by Adam Cohen, an attorney at Kane Kessler, P.C., that when he discussed with Plaintiff's counsel Jeffrey Sonnabend that plaintiff had a standing and/or indispensable party issue because Baby Bean did not own the asserted "King of New York" trademark, Mr. Sonnabend volunteered to resolve the issue by joining as party plaintiffs Parks, Perez and the Partnership and signed a written stipulation to this effect. Attached as **Exhibit B** is a true and correct copy of a Stipulation signed on May 29, 2008 and electronically filed with the Court on June 2, 2008.

5. I am advised by Adam Cohen that soon after June 2, 2008, he received a telephone call from the Court stating that the Stipulation would not be "so ordered" until the individuals Danny Parks and Louis Perez signed the Stipulation as well.

6. In mid June, 2008, I spoke on the telephone with Plaintiff's counsel Jeffrey Sonnabend. Mr. Sonnabend informed me that he was in the process of obtaining Louis Perez's signature and would try to do so in the next few weeks, and that he had already obtained Danny Park's signature to the Stipulation.

7. Attached as **Exhibit C** are true and correct copies of correspondence between Plaintiff's counsel and Defendants' counsel on June 20, 2008, June 24, 2008, July 8, 2008, and July 10, 2008.

8. Attached as **Exhibit D** is a true and correct copy of Plaintiff's response to Defendants' First Set of Interrogatories, dated September 17, 2007.

9. Attached as **Exhibit E** are true and correct copies of excerpts of relevant testimony from the Deposition of Danny Parks on February 6, 2008 (Page 9, Lines 8-25; Page 11, Lines 14-25; Page 13, Lines 4-25; Page 14, Line 2-Page 15, Line 21; Page 17, Line 6-Page 18, Line18; Page 19, Line 4-Page 21, Line 19; and Page 117, Line 21-Page 118, Line 7).

10. Attached as **Exhibit F** are true and correct copies of excerpts of relevant testimony from the Deposition of Danny Parks on February 6, 2008 (Page 9, Lines 3-7; Page 12, Lines 2-17; Page 20, Line 1-Page 21, Line 6; Page 23, Line 17-Page 25, Line 24; and Page 26, Line 2-Page 28, Line 17).

11. Attached as **Exhibit G** are true and correct copies of excerpts of relevant testimony from the Deposition of Danny Parks on February 6, 2008 (Page 14, Line 2-Page 15, Line 21).

12. Attached as **Exhibit H** are true and correct copies of excerpts of relevant testimony from the Deposition of Danny Parks on February 6, 2008 (Page 10, Line 2-Page 11, Line 4; Page 15, Line 22-Page 17, Line 22; Page 28, Lines 11-17; Page 40, Lines 11-12; and Page 118, Line 8-Page 119, Line 15).

13. **Exhibit I** is a true and correct copy of the Partnership Agreement. Because this document was designated by Plaintiff's counsel as "Confidential – Attorney's Eyes Only" per the Protective Order in this case, Defendants are submitting this document to the Court separately under seal.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:   New York, New York
         August 6, 2008

*/s/ Lauren M. Dayton*
LAUREN M. DAYTON